Beth E. Terrell, WSBA #26759
Email: bterrell@tmdwlaw.com
Erika L. Nusser, WSBA #40854
Email: enusser@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WODENA CAVNAR , ROSALINE
TERRILL AND LINDA PARKS, on
their own behalf and on the behalf of all
others similarly situated,

Plaintiffs,

v.

BOUNCEBACK, INC., a Missouri
Corporation , STONE FENCE
HOLDINGS, INC., GALE KRIEG, and
DOES 1 through 20,

Defendants.

NO.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## I.    INTRODUCTION

1.1    The plaintiffs in this case are three Washington consumers who

received a series of letters threatening them with criminal prosecution unless they

paid debts arising from unpaid checks for small retail purchases. Each of the

CLASS ACTION COMPLAINT - 1
CASE NO.

letters prominently bore the seal and letterhead of a county prosecutor and contained a "WARNING OF CRIMINAL CHARGES." Recipients were informed that it was "still possible to avoid a CRIMINAL CONVICTION" if they paid not only the check amount but more than $180 in fees.  Each Plaintiff, believing these letters were really from a prosecutor and that the threats of prosecution were real, made the payments demanded.

1.2     What Plaintiffs did not realize was the letters were actually sent by Defendant Bounceback Inc., a for-profit debt collection company based in Missouri.  Bounceback's operations are much like those of any other high-volume debt collector:  It solicits its business from large national retailers and other merchants, receives electronic information about unpaid checks directly from those merchants, and sends out standardized collection notices to consumers.

1.3     There is one crucial difference, however: Under Bounceback's so-called "Check Enforcement Program," county prosecutors rent out the prosecutor's seal and letterhead to Bounceback in exchange for a cut of the collection fees, thereby cloaking ordinary civil debt collection under a sham "criminal diversion" program.  Consumers who receive Bounceback's letters are led to believe they are from the prosecutor, not from a private collection agency.

1.4     Despite Bounceback's use of the county prosecutor's name and authority to coerce payments, the prosecutors exercise no meaningful control over

CLASS ACTION COMPLAINT - 2
CASE NO.

Bounceback's day-to-day collection activities.  Bounceback's threats of criminal prosecution are made without any prosecutor having actually investigated the circumstances to determine whether an unpaid check was written with criminal intent or was simply an innocent mistake.  Moreover, when Bounceback sends its collection letters, it cannot know whether a consumer will be prosecuted for failing to pay its step collection fees, as the letters represent.

1.5     In any event, there is no basis in Washington law for the assessment of the fees.  Both state and federal law, moreover, expressly prohibit a non-lawyer collection company from operating in the name of a law office, even if the lawyer agrees to the use.  Bounceback engages in these collection practices in Washington despite the fact that it is neither licensed in this state as a collection agency, nor registered as a corporation to do business, as is required under Washington law.  In short, Bounceback's operations, from top to bottom and in numerous respects, run afoul of both state and federal law.

## II.     JURISDICTION

2.1     Plaintiffs bring this action under 15 U.S.C. §1692k(d), which confers jurisdiction over Plaintiffs' claims under the Fair Debt Collection Practices Act (FDCPA). The jurisdiction of this Court also arises under 28 U.S.C. § 1331.  Supplemental jurisdiction over the state law claims exists under 28 U.S.C. § 1367.

CLASS ACTION COMPLAINT - 3
CASE No.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

2.2     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District and Defendants are subject to personal jurisdiction in this district.

## III.   PARTIES

### A.     Plaintiffs

3.1     Plaintiff Wodena Cavnar is a natural person who wrote one or more checks that were allegedly dishonored upon presentment and that one or more of the Defendants sought to collect.

3.2     Plaintiff Rosaline Terrill is a natural person who wrote one or more checks that were allegedly dishonored upon presentment and that one or more of the Defendants sought to collect.

3.3     Plaintiff Linda Parks is a natural person who wrote one or more checks that were allegedly dishonored upon presentment and that one or more of the Defendants sought to collect.

### B.     Defendants

3.4     Defendant Bounceback, Inc. is a Missouri corporation with its principal place of business at 7501 N.W. Tiffany Springs Parkway, Suite 300, Kansas City, Missouri 64153.  Bounceback is engaged in the business of collecting dishonored checks.  The primary business of Bounceback is the collection of unpaid checks.

CLASS ACTION COMPLAINT - 4
CASE NO.

3.5     Stone Fence Holdings, Inc., ("SFH"), is a Kansas Corporation duly registered as a foreign corporation in Missouri with its principal place of business at 7501 NW Tiffany Springs Parkway, Suite 300, Kansas City, Platte County, Missouri 64153. SFH is a holding company which owns the wholly-owned subsidiary of Bounceback, Inc.  The primary business of SFH is the operation of Bounceback.

3.6     Defendant Gale Krieg ("Krieg") is an individual residing in Prairie Village, Johnson County, Kansas and at all relevant times was an officer and director of both Bounceback and SFH. Krieg designed, developed, implements and promotes Bounceback's check collection business.

3.7     At all times relevant, Krieg has exercised and continue to exercise ultimate authority to adopt, approve, implement and modify the business practices of Bounceback, Inc. and Stone Fence Holdings. On behalf of Bounceback, Inc., Krieg personally solicits business, negotiates contracts, oversees daily operations and handles customer relations with both prosecutors and merchants, all for the purpose of facilitating Bounceback, Inc.'s check collection business.

3.8     Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, or otherwise, of defendants sued herein as Does One through Twenty.  Plaintiffs will seek leave to amend this complaint when the true names and capacities of said defendants are ascertained.  Plaintiffs allege on

CLASS ACTION COMPLAINT - 5
CASE NO.

information and belief that each defendant herein is acting in concert with, and as the agent and/or employee of, each other defendant.

3.9    Plaintiffs allege on information and belief that the interests of all Defendants have been so unified that their separate personalities no longer exist and that if the acts of the corporate Defendants are treated as those of the corporation alone, an inequitable result will follow.

3.10    Each Defendant named in this Complaint uses instrumentalities of interstate commerce and the mails in a business in which the principal purpose is the collection of debts.  Each Defendant regularly collects and attempts to collect, directly or indirectly, debts alleged to be due another, and are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), and are "collection agencies" within the meaning of RCW 19.16.100(4).

3.11    Defendants are not employees of the prosecuting attorney's office of any county or city in Washington.

## IV.    PLAINTIFFS

**A.    Wodena Cavnar**

4.1    Wodena Cavnar lives in Moses Lake, Grant County, Washington. She is sixty-six years old and disabled.  Because of her disabilities, Ms. Cavnar goes to various doctors appointments at least five times per month and sometimes

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    up to three appointments a week.  She lives on a modest fixed income with her

2    son and his fiancé.

3         4.2    In August or September 2013, Ms. Cavnar wrote a personal check in

4    the amount of $80.43 to her local Safeway store, for household goods. The check

5    was dishonored on presentment.

6

7         4.3    Once it received the check, Bounceback initiated its collection

8    activities by letter, threatening to criminally prosecute Ms. Cavnar if she did not

9    participate in the Check Enforcement Program.  In or about October 2013,

10   Bounceback mailed Ms. Cavnar a letter on the letterhead of the Grant County

11   Prosecuting Attorney.  In the letter, Ms. Cavnar was told that to avoid a criminal

12   conviction she must comply with the conditions of the diversion program by

13   paying $211.43 and completing a "Check Writer's Financial Training Course."

14

15        4.4    At the time, Ms. Cavnar believed that the communications she

16   received were really from the Grant County Prosecuting Attorneys' Office and

17   that the statements in the communications were true. Based on this belief, Ms.

18   Cavnar paid the Bounceback Check Enforcement Program a total of $211.43.

19        4.5    Ms. Cavnar was not able to take the "Financial Training" class on

20   the scheduled date due and therefore called to reschedule the class.  The

21   Bounceback representative informed her that the company would send her a letter

22   with a rescheduled date for her class.  Bounceback's attempts to contact

23

24

25

26

CLASS ACTION COMPLAINT - 7
CASE NO.

Ms. Cavnar ended, however, after she paid all the fees it had been demanding. Bounceback did not follow up with Ms. Cavnar to reschedule the "Financial Training" class, for which she was charged $145.00.

**B.    Rosaline Terrill**

4.6    Rosaline Terrill lives in Kitsap County, Washington.  Ms. Terrill is married to William Terrill, who is employed by the federal government as a heating systems technician at Madigan Army Medical Center in Fort Lewis, Washington. Together they have three children, each with special needs.  On or about November 29, 2012, Ms. Terrill bought clothes for her children at the local Goodwill, Inc. store, paying for her purchases with a personal check in the amount of $41.19.  The check was dishonored on presentment.

4.7    On or about July 19, 2013, Bounceback mailed Ms. Terrill a letter, on the letterhead of the Kitsap County Prosecuting Attorney's office.  In the letter Ms. Terrill was told that the Prosecuting Attorney's Office had received a complaint against her for issuing a worthless check, and that to avoid the possibility of criminal prosecution, she had TEN (10) DAYS, from the date of the notice to pay the check amount, bank charges of $3.75, and the following fees:

Program Fees:            $ 40.00

Financial Training:      $145.00

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

4.8    In the letter Ms. Terrill was also directed that she should not attempt to pay the merchant directly, and that if she had any questions, to call a toll-free number provided in the letter.  A copy of this letter is attached to this Complaint as Exhibit 1.

4.9    On or about July 25, 2013, Mr. Terrill mailed a payment of $84.94 to the "Kitsap County Check Enforcement Program," consisting of payment of the check amount plus the $3.75 bank charge and a $40.00 "penalty" fee.  Ms. Terrill included a cover letter stating that she did not wish to participate in the financial training class.  That same day Ms. Terrill sent a second letter to the "Kitsap County Check Enforcement Program" stating: "please, no longer call me or send letters to me."

4.10    Bounceback ignored Ms. Terrill's directive to stop contacting her: Bounceback employees called both her husband and her on their respective cell phones, and Bounceback continued to send collection demands, despite the fact that Ms. Terrill had already paid the check amount, plus $43.75 in fees.  In the letters, Bounceback threatened prosecution and stated that Ms. Terrill's failure to pay the fees it was demanding could result in a "CRIMINAL RECORD."

4.11    Frightened and upset by Bounceback's continued threats, on or about August 23, 2013, Ms. Terrill made an additional payment of $176.00, consisting of a Financial Training Fee of $145.00, a Payment Plan Charge of $25.00, and a

CLASS ACTION COMPLAINT - 9
CASE NO.

1   Convenience Fee of $6.00.   In sum, Ms. Terrill paid $260.94 for her $41.19

2   check.

3
4   4.12   Bounceback's attempts to contact Ms. Terrill ended after she paid all

5   the fees it had been demanding, although she has never completed the "Financial

6   Training" class, for which she was charged $145.00, the threats to prosecute her

7   have ended.

8
9   **C.   Linda Parks**

10   4.13   Linda Parks lives by herself in a Senior Living Facility in Sequim,

11   County of Clallam, Washington.  She is sixty-five years old and lives on a modest

12   fixed income.  On or about February 25, 2013 Ms. Parks wrote a personal check

13   in the amount of $108.10 to the local Walmart store, for household goods.  The

14   check was dishonored on presentment.

15
16   4.14   Once it received the check, Bounceback initiated its collection

17   activities by letter and phone, threatening to criminally prosecute Ms. Parks if she

18   did not participate in the Check Enforcement Program.  On or about August 6

19   2013, Bounceback mailed Ms. Parks a letter on the letterhead of the Clallam

20   County Prosecuting Attorney with the title:

21
22   

**WARNING OF CRIMINAL CHARGES**

23   4.15   In the letter, Ms. Parks was told that to avoid a "**CRIMINAL**

24   **CONVICTION**" she must comply with the conditions of the diversion program

CLASS ACTION COMPLAINT - 10
CASE NO.

1    by paying a total of $321.85 and completing a "Check Writer's Financial Training

2    Course."  A copy of that letter is attached to this Complaint as <u>Exhibit 2</u>.

3          4.16   At the time, Ms. Parks believed the communications she received

4    were really from the Clallam County Prosecuting Attorneys' Office and that the

5    statements in the communications were true.  Based on this belief, in September

6    2013, Ms. Parks permitted Bounceback to debit a total of $220.46 from her

7    account.  After conducting her own research on the internet, Ms. Parks grew

8    suspicious about the legitimacy of the Check Enforcement Program.  Ms. Parks

9    contacted her bank and the bank credited her for the payments she had made.

10          4.17   Ms. Parks continued to receive threatening communications from

11   Bounceback.  Accordingly, on or about October 26, 2013, Ms. Parks purchased

12   two money orders from Walmart, totaling $138.10, which she sent to the Check

13   Enforcement Program for payment of any money to which Walmart was lawfully

14   entitled.  Ms. Parks alleges, on information and belief, that Bounceback retained

15   all, or a portion of this payment as fees for itself.  In making this payment

16   Ms. Parks incurred expenses, including the fees she was charged by Walmart to

17   purchase the money orders, as well as her postage and mailing expenses.

CLASS ACTION COMPLAINT - 11
CASE NO.

# V.   BOUNCEBACK'S STANDARD OPERATING PROCEDURES

5.1    Unless otherwise specified, "Bounceback" as used herein refers collectively to the activities of Defendants Bounceback, Inc., Stone Fence Holdings, Inc. and Gale Krieg.

5.2    During all times relevant herein, Bounceback has collected allegedly unpaid checks, by using "Check Enforcement Programs" which it has operated in more than a dozen Washington counties.  Bounceback maintains all physical files, financial records, documentation, reports and computer files regarding this check collection business.

5.3    The practices and procedures used by Bounceback are the same or substantially similar for all counties in Washington in which Bounceback operates.

5.4    Bounceback's "Check Enforcement Program" is merely check collection, disguised as law enforcement.  What primarily distinguishes the Bounceback business from lawful check collection is its use of official prosecutor letterhead, the use of false prosecution threats to coerce payment, and the imposition of fees far in excess of what may be lawfully charged pursuant to state law.

5.5    Typically, a debt collector that is collecting an unpaid check will receive electronic check information from the creditor, enter the check

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

information into its computer system, and then call or send collection letters to the check writer, seeking payment of the check amount, plus any additional charges permitted by law.  When a check writer pays the debt collector, the debt collector allocates the money between itself and the creditor, pursuant to the agreement between those parties.

5.6    Operationally, Bounceback's procedures are no different than those of any volume debt collector.  It solicits business from major national retailers, like Safeway, and national debt collectors, like Telecheck and Certegy. Following standard procedures, the merchant or debt collector sends electronic check information directly to Bounceback.  Bounceback then inputs that information into its computer system, which triggers the mailing of standard form letters on the letterhead of the prosecuting attorney for the county in which the check was written.  In the form letters, the check writer is threatened with prosecution, unless he or she pays fees that often total more than $180 for a purported criminal diversion program.   Bounceback sends these letters only to persons who have not been charged with a crime in connection with the check that Bounceback is attempting to collect.

5.7    When Bounceback collects money and fees on an unpaid check, it distributes the money as follows: (1) it pays the check amount plus an agreed-upon fee to the merchant or debt collector that referred the check to Bounceback;

CLASS ACTION COMPLAINT - 13
CASE NO.

(2) it pays a small contractual fee to the prosecuting attorney whose name it used in collecting the check; and (3) Bounceback itself then retains the bulk of the fees the check writer paid.

5.8    In many cases, Bounceback collects more for its own fees than it collects for the merchant or debt collector that referred the check.

5.9    Bounceback enters into contracts with prosecutors purportedly permitting it to operate in the prosecutor's name, and it pays the prosecutor a fee for each successfully collected check.   Prior to Bounceback initiating its collection activities, the local prosecutor neither conducts any investigation of a particular check writer, nor makes any individualized determination regarding either probable cause or the likelihood of prosecuting a check writer who does not pay the Bounceback fees and participate in the "Diversion Class."

5.10   Bounceback, using the prosecutor's name and authority, also enters into agreements with the merchants that submit checks, purportedly prohibiting the merchant from accepting any payment from the check writer or referring the check to another debt collector while Bounceback is attempting to collect the check.

5.11   When Bounceback contacts a check writer, it orders the check writer not to make payment directly to the merchant.

CLASS ACTION COMPLAINT - 14
CASE NO.

5.12    The fees that Bounceback charges have varied, and have increased during the class period.  Bounceback's fees now usually include the following:

Financial training fee:            $145.00

Program fee:                       $ 40.00

Payment plan fee:                  $ 25.00

Fee for electronic payments:       $  6.00

5.13    Bounceback's collection letters contain a toll-free number, supposedly to the local prosecuting attorney's office.  In reality, the phone number is for Bounceback's office, and is answered by a Bounceback employee. People who call the phone number given on the letter are led to believe they are speaking to the prosecuting attorney's office.  Bounceback's employees do not disclose they are employees of a private company and that the company profits directly from the money collected from check writers.  People who attempt to explain the check was returned because of a mistake that either they or their bank made, or who otherwise offer to provide evidence negating criminal intent, are told they are nonetheless liable and must pay all the money being demanded to avoid the possibility of prosecution.

## VI.    FACTS COMMON TO ALL CLASS MEMBERS

6.1    Defendants have generally treated Plaintiffs the same way they treat all check writers from whom they attempt to collect money.

CLASS ACTION COMPLAINT - 15
CASE NO.

6.2     Merchants and debt collectors who refer unpaid checks to Bounceback for collection are seeking to recover money, not to report a crime. Most referrals consist of electronic check data obtained from the face of the check and do not provide Defendants with material information that is not on the face of the check.

6.3     Employees at the prosecuting attorney's offices do not determine or supervise Bounceback's day-to-day collection activities or communications with check writers.

6.4     The form letters sent to Plaintiffs and Class members contain numerous material misrepresentations and omissions, including, but not limited to, the following:

a.      The prosecuting attorney operates and controls a Check Enforcement Program.

b.      The letter was prepared and mailed by the prosecuting attorney, and is official correspondence generated by the prosecuting attorney's office after an attorney in the prosecutor's office reviewed evidence relating to the check writer's alleged criminal conduct.

c.      Communications to the toll-free phone number and address printed on the letter will be received and considered by the prosecuting attorney.

CLASS ACTION COMPLAINT - 16
CASE NO.

d.      The payee of the check has filed a criminal complaint against the check writer alleging a violation of the Washington Criminal Code.

e.      The check writer must enroll in a criminal diversion program to avoid probable criminal prosecution.

f.      To avoid probable prosecution, the check writer is obligated to pay the check amount plus fees that typically include a $10.00 service fee, a $40.00 program fee, and a class fee of $145.00 for a "Financial Training" class, and must participate in the class.

6.5     The true facts are as follows:

a.      Bounceback is in the business of collecting unpaid checks and fees.  The Check Enforcement Program is operated for profit by Bounceback with little or no meaningful supervision by the prosecuting attorney.

b.      Bounceback, not the prosecuting attorneys' office, prepares and sends the "Check Enforcement Program" form letters.

c.      The address and phone number on the form letters are contact points for Bounceback, not for the prosecuting attorney.  Check Enforcement Program mail that is actually received in the office of a participating Washington prosecuting attorney is forwarded directly to Bounceback, frequently unopened. Bounceback representatives who are contacted by check writers do not disclose

that  they are employees of a private company and are not  employees of the prosecuting attorney.

d.      Generally, merchants refer checks to Bounceback's Check Enforcement Program simply for collection, not for possible prosecution.  Check payees generally do not allege that check writers have violated the Washington Criminal Code, RCW 9A.56.060 and do not file a formal criminal complaint.

e.      Before Bounceback sends the form collection demands, the prosecuting attorney has not conducted any review of the facts or made an individualized determination that there is probable cause to believe the check writer has violated RCW 9A.56.060.

f.      The prosecuting attorney rarely reviews the facts concerning a dishonored check handled by Bounceback at any point.  In those few instances where the prosecuting attorney conducts a criminal investigation, this does not take place until Bounceback has exhausted its collection efforts.

g.      The prosecuting attorney rarely, if ever, initiates criminal prosecution where the check writer makes a partial payment, but does not complete Bounceback's Check Enforcement Program requirements.

h.      The check writer is not lawfully obligated to pay the fees that Bounceback demands.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## VII.   CLASS ACTION ALLEGATIONS

7.1     This action is brought as a class action, as follows:

UMBRELLA CLASS:  All persons to whom Bounceback sent a collection demand beginning four years preceding the filing of this Complaint and continuing, in connection with a returned check, purporting to be a letter from a Washington county prosecuting attorney.

Sub-Class 1 (FDCPA):  All members of the umbrella class to whom Bounceback sent a collection demand seeking to collect a check written for personal, family or household use beginning one year preceding the filing of this Complaint and continuing;

Sub-Class 2 (CPA):  All members of the umbrella class to whom Bounceback sent a collection demand seeking to collect a check beginning four years preceding the filing of this Complaint and continuing;

7.2     As set forth below, the proposed Class and Sub-Classes satisfy the requirements for a class action.

7.3     The definitions of the Class and Sub-Classes are clear, and members of the Class and Sub-Classes are easily identifiable on the basis of objective information, as Bounceback maintains information regarding all persons to whom it sends a collection demand in connection with a returned check, including their last known addresses.

7.4     Class and Sub-Class members can be identified using information kept by Defendants in the usual course of business and/or in the control of Defendants.  Class and Sub-Class members can be notified of the pendency of the class action through direct mailing and emailing to physical addresses and email

CLASS ACTION COMPLAINT - 19
CASE NO.

addresses, using lists maintained in the usual course of business by Defendants, and, if necessary, by publication.

7.5    Class and Sub-Class members are so numerous that individual joinder is impracticable.  The precise number of Class members is unknown to Plaintiffs, but it is clear that the number greatly exceeds the number for which joinder would be practicable.  Indeed, upon information and belief, the Class is believed to contain in excess of 7,000 members and the Sub-Classes each contain more than 500 Sub-Class members.

7.6    There are questions of law and fact common to the Class, including, but not limited to, the following:

a.    Whether Bounceback makes demands on all Class and Sub-Class members that are the same or similar to the demands made to Plaintiffs, making the claims of the Plaintiffs typical of the claims of Class and Sub-Class members;

b.    Whether the collection activities of all Defendants are governed by the FDCPA;

c.    Whether the collection activities of all Defendants are unfair or deceptive;

d.    Whether Bounceback fails to provide the validation notice, expressly required by the FDCPA;

CLASS ACTION COMPLAINT - 20
CASE NO.

e.      Whether Bounceback fails to provide the debt collection warning expressly required by the FDCPA;

f.      Whether Bounceback threatens to take any action that cannot legally be taken or that is not intended to be taken;

g.      Whether Bounceback falsely represents the character, amount, or legal status of the debt;

h.      Whether Bounceback represents or implies that nonpayment of the debt will result in the arrest or criminal prosecution of the check writer when such action is not intended;

i.      Whether Defendants collect or attempt to collect fees that are not permitted by law;

j.      Whether Bounceback uses any business, company, or organization name other than its true name;

k.      Whether Bounceback was licensed as a collection agency during the class period and was permitted to do business in the State of Washington;

l.      Whether Bounceback violates RCW 19.16 *et seq.* in collecting checks as described in this Complaint; and

m.      The nature and extent of damages and other remedies to which the conduct of Defendants entitles the Class and the Sub-Classes.

CLASS ACTION COMPLAINT - 21
CASE NO.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

7.7     Plaintiffs' claims are typical of the claims of the potential Class and the Sub-Class members, since Plaintiffs and Class members were subject to the same standardized collection conduct.  All claims of Plaintiffs and the Class and Sub-Classes are based on the same facts and legal theories.

7.8     Plaintiffs will fairly and adequately protect the interests of the Class and Sub-Classes.  Plaintiffs are familiar with the basic facts underlying the Class and Sub-Class members' claims.  Plaintiffs' interests do not conflict with the interests of the other Class and Sub-Class members they seek to represent.  Plaintiffs have retained counsel who are competent and experienced in class action litigation and intend to and will prosecute this action vigorously.

7.9     Plaintiffs' counsel have successfully prosecuted complex class actions, including consumer protection and FDCPA class actions.  Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the Class and Sub-Class members.

7.10    Certification of a Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the Class thereby making declaratory and injunctive relief appropriate with respect to the Class and Sub-Classes as a whole.

7.11    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common

CLASS ACTION COMPLAINT - 22
CASE NO.

to the members of the Class and Sub-Classes predominate over any questions affecting individual members.

7.12    Further, the class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and Class and Sub-Class members.  The relief sought per individual Class and Sub-Class member is small given the burden and expense of individual prosecution of the potentially expensive litigation necessitated by Defendants' conduct. Furthermore, it would be virtually impossible for Class and Sub-Class members to seek redress on an individual basis.  Even if Class and Sub-Class members themselves could afford such individual litigation, the court system could not.

7.13    Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and to the court system.  The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

7.14    Plaintiffs request certification of the Class and Sub-Classes defined herein pursuant to Rule 23(b)(2), or, in the alternative, a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for declaratory and equitable relief, including injunctive relief and restitution.

CLASS ACTION COMPLAINT - 23
CASE NO.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## VIII.  FIRST CLAIM FOR RELIEF
### (Fair Debt Collection Practices Act)

8.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2     The FDCPA prohibits debt collectors from using false, deceptive or misleading communications to collect a debt, 15  U.S.C. §§ 1692e, 1692e(10), or from using unfair or unconscionable means to collect.  15 U.S.C. §1692f. Defendants' Check Enforcement Program is grounded in deception and unfairness, in violation of these general prohibitions.  Additionally, defendants violate specific FDCPA provisions by disguising who they are, how much a check writer owes, and what will happen if a check writer does not pay, as follows:

a.     **FALSE IDENTITY**:  Bounceback's standard practice is to send collection letters on official prosecutor letterhead to convey the false impression that the letters were sent by a law enforcement agency, rather than by Bounceback, in violation of 15 U.S.C. §§ 1692e(9) and (14).  Bouncebacks's standard form letters include the false representation that Bounceback is a law office, i.e., the office of the county prosecuting attorney, in violation of 15 U.S.C.§ 1692e(3).  Additionally, Defendants violate 15 U.S.C.  1692d(6) by

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

placing telephone calls to Class and Sub-class members without any meaningful disclosure of their identity.

b.   **FALSE THREATS**:  Bounceback's standard from letters include the false threat that the failure to pay all amounts being demanded will result in the arrest or imprisonment of the check writer, in violation of 15 U.S.C.1692e(4)and (5).  Defendants have neither the authority, nor the intent to initiate a prosecution, and most check writers from whom Bounceback attempts to collect are never prosecuted, even if the check writer pays less than the full amount demanded.

c.   **UNLAWFUL FEES:**  The fees that Bounceback charges for its Check Enforcement Program, which typically exceed $180, regardless of the check amount, are not permitted by Washington law.  Defendants violate 15 U.S.C. §§ 1692e(2)(A) and 169ef(1) by collecting and attempting to collect these fees.

d.   **MISSING WARNINGS AND DISCLOSURES:**  The initial form letter that Bounceback sends to check writers, of which Exhibit 1 is an example, does not contain the validation notice required by 15 U.S.C. §1692g(a), nor does Bounceback provide the validation notice within five days of the initial communication.  None of the collection letters that Bounceback sends contain the debt collection disclosure notice required by 15 U.S.C. §1692e(11).

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

8.3    As a direct and proximate cause of Defendants' violations of the FDCPA, Plaintiffs and the Class have suffered actual damages, including unlawful collection charges and other monetary losses.  In addition, Plaintiffs and the Class are entitled to recover statutory damages of up to $1,000 for each named plaintiff, and such amounts as the court may allow for all other class members not to exceed the lesser of $500,000 or one percent of the net worth of each debt collector, plus the costs of the action, including reasonable attorneys' fees.

WHEREFORE, relief is requested as prayed for below.

## IX.    SECOND CLAIM FOR RELIEF
### (Per se Violations of Washington's Consumer Protection Act, RCW § 19.86 *et seq*.)

9.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2    Defendants have engaged in unfair or deceptive acts or practices by engaging in the following courses of conduct: (i) soliciting claims for collection in Washington while not licensed as a collection agency in Washington; (ii) collecting or attempting to collect debts owed or due or asserted to be owed or due another person while not licensed as a collection agency; (iii) using a fictitious name or any name other than its own which would indicate to the debtor that a third person is collecting or attempting to collect such alleged debts; (iv) making false threats and collecting fees not permitted by law; (vi) collecting

CLASS ACTION COMPLAINT - 26
CASE NO.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

substantial compensation and fees from Plaintiffs and other Class members while operating as a collection agency without a license; and (vii) aiding and abetting one another in said unlawful conduct.

9.3    Defendants' unfair and deceptive acts and practices repeatedly occur in Defendants' trade or business and are capable of deceiving a substantial portion of the public.

9.4    Defendants' unfair and deceptive acts and practices affect the public interest.

9.5    The Washington Supreme Court has recognized the public policy significance of regulating the debt collection industry and has specifically found that the business of debt collection affects the public interest, and collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors.

9.6    The Collection Agency Act ("CAA"), chapter RCW 19.16 incorporates the CPA, chapter RCW 19.86. RCW 19.86.093 provides that an act or practice is injurious to the public interest when the act "[v]iolates a statute that incorporates [RCW 19.86]." Thus, the Washington public has a strong interest in seeing that the provisions of Washington's CAA are enforced.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

9.7    The unfair and deceptive acts and practices are and were committed in the general course of Defendants' business in Washington and have already injured many thousands of Washington residents.

9.8    Defendants' practices are likely to injure other members of the Washington public, particularly since Defendants continue to operate their Check Enforcement Programs in more than a dozen Washington counties.

9.9    As a direct and proximate cause of Defendants' unfair and deceptive acts and practices, Plaintiffs and the Class have been injured and are entitled to recover compensatory damages, including: (1) unlawful fees, costs or other charges collected by Defendants from Class members; (2) fees, costs or other expenses associated with responding to and defending against the collection actions commenced by Defendants; and (3) other compensatory, special and general damages allowed by law.  In addition, Plaintiffs and the Class are entitled to recover treble damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

WHEREFORE, relief is requested as prayed for below.

## X.    THIRD CLAIM FOR RELIEF
**(Violations of the Washington Consumer Protection Act, RCW § 19.86 *et seq*.
Non-Per Se Unfair and Deceptive Business Practices)**

10.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

CLASS ACTION COMPLAINT - 28
CASE NO.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

10.2   Defendants are "persons" within the meaning of the Washington Consumer Protection Act ("CPA"), RCW § 19.86.010(1), and conduct "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW § 19.86.010(2).

10.3   Plaintiffs and other Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW § 19.86.010(1).

10.4   Defendants have engaged in unfair and deceptive acts or practices, including but not limited to the following:

a.      Representing to Plaintiffs and Class members that a merchant has filed a complaint against them alleging a violation of the Washington Criminal Code;

b.      Representing to Plaintiffs and Class members that the Check Enforcement Program is operated by the prosecuting attorney;

c.      Masquerading as the prosecuting attorney in communications with check writers;

d.      Holding itself out as a law office, although not licensed to practice law;

e.      Representing to Plaintiffs and Class members that they are legally obligated to pay all the charges demanded; and

CLASS ACTION COMPLAINT - 29
CASE NO.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

f.     Threatening that nonpayment of the debt will result in the arrest or criminal prosecution of Plaintiffs and Class members when such Defendants neither have the ability, nor the intent to initiate prosecution, when making the threat.

10.5   Defendants' conduct is unfair and deceptive under RCW 19.86.020.

10.6   Defendants' unfair and deceptive acts or practices have repeatedly occurred in trade or business and were and are capable of deceiving a substantial portion of the public.  The acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

10.7   Defendants' unfair and deceptive acts and practices affect the public interest.  Further, the unfair and deceptive acts and practices were committed in the general course of Defendants' business and have already injured thousands of individuals in Washington.

10.8   As a direct and proximate result of Defendants' unfair and deceptive acts or practices, Plaintiffs and Class members have suffered and will suffer injury in fact and lost money.

WHEREFORE, relief is requested as prayed for below.

## XII.   FOURTH CLAIM FOR RELIEF
### (Declaratory and Injunctive Relief)

11.1   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

CLASS ACTION COMPLAINT - 30
CASE NO.

11.2   An actual controversy has arisen between Plaintiffs and Defendants, concerning Defendants' wrongdoing, which  is continuing in nature.  Defendants' collection activities, represent an ongoing threat to Plaintiffs and Class and Sub-class members.

11.3   Class and Sub-class members remain generally unaware that Defendants' collection actions, are unlawful.

11.4   Defendants, on a continuing basis, are engaged in collection efforts against Class and Sub-class members while not licensed as a collection agency in violation of RCW 19.16.

11.5   Defendants, on a continuing basis, are engaged in collection efforts against Class and Sub-class members that violate the FDCPA, including those set forth above.

11.6   Plaintiffs and Class and Sub-class members will suffer continuing, immediate and irreparable injury, absent the issuance of injunctive and equitable relief.

11.7   Plaintiffs and Class and Sub-class members have no complete, speedy and adequate remedy at law with respect to Defendants' continuing misconduct.

11.8   Declaratory, preliminary and final injunctive relief is necessary to prevent further injury to Plaintiffs and Class and Sub-class members.

CLASS ACTION COMPLAINT - 31
CASE NO.

WHEREFORE, relief is requested as prayed for below.

## XIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief pursuant to each cause of action set forth in this Complaint as follows, and specifically request the Court to:

A.      Certify the proposed plaintiff Classes and Sub-Classes, as set forth in the Complaint;

B.      Declare that Defendants are financially responsible for notifying all Class and Sub-class members of its unlawful conduct;

C.      Appoint Plaintiffs Cavnar, Terrill and Parks as representatives of the Class and Sub-classes;

D.      Appoint the undersigned counsel as counsel for the Class and Sub-classes;

E.      Declare that Defendants' actions complained of herein violate the Washington Consumer Protection Act, the Washington Collection Agency Act, and the federal Fair Debt Collection Practices Act;

F.      Enjoin Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants,  from engaging in the unlawful and wrongful conduct set forth herein;

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

G.      Award Plaintiffs and the Class and Sub-class compensatory and exemplary damages, including but not limited to: (1) all unlawful fees, costs or other charges collected by Defendants from Class members; (2) other compensatory, statutory, special and general damages allowed by law; (3) maximum treble damages permitted under the Consumer Protection Act; and (4) Maximum actual and statutory damages permitted under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

H.      Award the Class and Sub-class reasonable attorneys' fees, costs, and litigation expenses as allowed by law;

I.      Award Plaintiffs and the Class and Sub-class prejudgment and post-judgment interest, as provided by law;

J.      Permit Plaintiffs leave to amend the Complaint to conform to the evidence presented at trial; and

K.      Grant such other and further relief as the Court deems necessary, just, and proper.

CLASS ACTION COMPLAINT - 33
CASE NO.

RESPECTFULLY SUBMITTED AND DATED this 18th day of July, 2014.

TERRELL MARSHALL DAUDT & WILLIE PLLC


By: /s/ Erika L. Nusser, WSBA #40854
Beth E. Terrell, WSBA #26759
Email: bterrell@tmdwlaw.com
Erika L. Nusser, WSBA #40854
Email: enusser@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

Deepak Gupta, *Pro Hac Vice pending*
GUPTA BECK PLLC
Email: deepak@guptabeck.com
1735 20th Street, NW
Washington, DC 20009
Telephone: (202) 888-1741
Facsimile: (202)

Nicholas Power, WSBA #45974
Email: nickedpower@gmail.com
540 Guard Street, Suite 150
Friday Harbor, Washington 98250
Telephone: (360) 298-0464

*Attorneys for Plaintiffs*

— **EXHIBIT  1** —

**Kitsap County Prosecuting Attorney's
Check Enforcement Program
614 Division Street, MS-35
Port Orchard, WA 98366-4681**

# Kitsap County
# Prosecuting Attorney's Office

### Russell D. Hauge

Prosecuting Attorney

ROSALINE TERRILL
**REDACTED**
BAINBRIDGE ISLA, WA 98110

July 19, 2013

## *****NOTICE OF BAD CHECK(S)*****

Dear 0 0:

The Prosecuting Attorney's Office has received a complaint against you for issuing a worthless check(s). When a merchant in Kitsap County files notice of a bad check, the Prosecutor's office may proceed directly to criminal prosecution. However, in this instance, you are being offered an opportunity to participate in a Diversion Program prior to the further consideration of filing criminal charges.

## This Program allows you to pay your Check(s) and the fees, to avoid the possibility of criminal charges being filed.

You are also required to complete a financial training class. Additional information regarding the training class will be sent to you as soon as you have met your financial obligations in the program.

Failure to make payment in full within TEN (10) DAYS from the date of this notice may be used as evidence and the prosecutor's office may consider filing criminal charges against you. Payment must be in the form of a CASHIER'S CHECK, MONEY ORDER, CREDIT or DEBIT CARD. Mailed payments should be made payable to the Check Enforcement Program and sent TO THE ADDRESS LISTED AT THE TOP OF THIS NOTICE. There is a $6.00 convenience fee for credit or debit card payments.

Do not attempt to pay the merchant directly. If you have questions about this matter, call 1-800-298-5240.

| Victim | Check No. | Case No. | Check Amt. | Bank Charges | Program Fees |
|--------|-----------|----------|------------|--------------|--------------|
| GOODWILL SILVERDALE 18 | 371 | KSP-5027 | 41.19 | 3.75 | 40.00 |
| FINANCIAL TRAINING | 371 | KSPM-4078 | | | 145.00 |

Make MONEY ORDER or Cashier's Check payable to:
## CHECK ENFORCEMENT PROGRAM
Pay by credit or debit card online at www.hotchecks.net

For:
## $ 229.94

| PAY ONLINE AT : |
|---|
| www.hotchecks.net |
| User Name : REDACTED |
| Password : |

CW# 3164

NLP

# NOTICE OF BAD CHECK

# IMPORTANT ADDITIONAL INFORMATION

| | |
|---|---|
| **PAY ONLINE**<br>**-OR-**<br>**MAIL PAYMENT TO:** | **Kitsap County Prosecuting Attorney's**<br>**Check Enforcement Program**<br>**614 Division Street, MS-35**<br>**Port Orchard, WA  98366-4681** |

**IF YOU BELIEVE YOU HAVE RECEIVED THIS NOTIFICATION IN ERROR:**

1. Review your records carefully. The Check Enforcement Program is in possession of evidence that your check was dishonored by the banking institution. While it is possible that an error has occurred, it is unlikely.

2. Contact the Check Enforcement Program, toll free, at: (800) 298-5240 to explain any error you believe has occurred. Ask to speak with a Case Investigator. The Investigator will answer your questions as well as explain what is required, WHAT DOCUMENTATION YOU MUST PROVIDE THE PROGRAM, and what the sequence of events will be in pursuing your case.

3. Be prepared to send necessary documentation that supports your contention. To dispute this notice you are required to notify the Check Enforcement Program in writing no later than 10 days after receiving this notice. If you believe your checks have been stolen or that you are the victim of forgery, fraud or identity theft, you will be asked to supply a Police Report, Bank Records or similar verifiable, written proof. THE CHECK ENFORCEMENT PROGRAM WILL NOT DISMISS A CHECK CASE WITHOUT PROPER DOCUMENTATION.

4. Mail the required documentation immediately. Your case can be released for review and possible prosecution if documentation is not received within the time period indicated by the Case Investigator when you call.

**IF YOU BELIEVE YOU WERE NOT PROPERLY NOTIFIED ABOUT A DISHONORED CHECK:**
The Check Enforcement Program accepts only checks with DOCUMENTED notification by the victims to the check writer. In addition to notification by the victim, banks routinely send customers a notice if a check has been dishonored. Checks that are dishonored because of Insufficient Funds or Non-sufficient funds appear on your monthly banking statement. CHECK YOUR RECORDS CAREFULLY BEFORE CONTACTING THE CHECK ENFORCEMENT PROGRAM TO DISPUTE NOTIFICATION.

**IF YOU HAVE ALREADY PAID THE MERCHANT OR PARTY FILING THE COMPLAINT:**
If you have paid the victim or the party filing the Complaint, you must MAIL DOCUMENTATION that the payment was received by the victim or filing party BEFORE the date of this notice. Upon receiving your documentation, the Check Enforcement Program will contact you with regard to what action will be taken to resolve the case.

**IF YOU WISH TO CONTEST THIS ACTION:**
If you prefer to contest this action you are urged to consult an attorney. Contact the Check Enforcement Program to inform us of your intention to appear in court.

## THE EDUCATIONAL REQUIREMENT

ALL check writers whose checks have been referred to the Check Enforcement Program MUST complete the Educational Requirement to discharge the case as part of this diversion program. You will receive additional information about this requirement after the required restitution and fees have been received.

FAILURE TO COMPLETE THE EDUCATIONAL REQUIREMENT CAN CAUSE  YOUR CASE DIVERSION TO BE REVOKED.

**To contact the Check Enforcement Program, call, toll free: (800) 298-5240**

— **EXHIBIT  2** —

Clallam County
**Check Enforcement Program**
223 East 4th Street, Suite 11
Port Angeles, WA 98362



**Clallam County**
**Deborah S. Kelly**
Prosecuting Attorney

LINDA A PARKS                                                            August 6, 2013
REDACTED

SEQUIM, WA 98382

# ··· WARNING OF CRIMINAL CHARGES ···

The Prosecuting Attorney's Office has received a complaint against you for issuing a worthless check(s). (See list below.) Issuing a worthless check with the intent to defraud is a criminal offense punishable with jail time and/or fines. You have apparently ignored the demand by the recipient of the listed check(s) to make restitution. Under Washington Statutes, this can constitute criminal intent and a Warrant for your arrest can be issued.

## It is still possible to avoid a CRIMINAL CONVICTION

The Prosecuting Attorney's Check Enforcement Program allows check writers facing possible criminal action an opportunity to avoid that action. But you must comply with the conditions of this diversion program. Payment must be in the form of a CASHIER'S CHECK, MONEY ORDER, DEBIT or CREDIT CARD. There is a $6.00 convenience fee for credit or debit card payments. If you have questions please call (888) 301-2798.

YOU MUST:  1) **Pay the full dollar amount shown below.**
2) Complete the Check Writer's Financial Training Course.

MAIL TO:    Clallam County
Check Enforcement Program
223 East 4th Street, Suite 11
Port Angeles, WA 98362

| **PAY ONLINE AT :** |
| www.hotchecks.net |
| User Name : **REDACTED** |
| Password : REDACTED |

| Victim | Check No. | Case No. | Check Amt. | Service Fee | Program Fees |
|--------|-----------|----------|------------|-------------|--------------|
| WAL-MART NO. 5273 / TE | 139 | CLM-2279 | 108.10 | 3.75 | 40.00 |
| FINANCIAL TRAINING | 139 | CLMM-1548 | | | 145.00 |
| PAYMENT PLAN CHARGE | 0 | M-1555 | 25.00 | | 0.00 |

Make MONEY ORDER or Cashier's Check payable to:                          For:
**CHECK ENFORCEMENT PROGRAM**                                            **$ 321.85**
Pay by credit or debit card online at www.hotchecks.net

CW# 1190          PAYMENT MUST BE RECEIVED WITHIN TEN (10) DAYS FROM THE DATE OF THIS LETTER    NLP

## NOTICE OF BAD CHECK
### IMPORTANT ADDITIONAL INFORMATION

**PAY ONLINE**
**-OR-**
**MAIL PAYMENT TO:    Clallam County**
**Check Enforcement Program**
**223 East 4th Street, Suite 11**
**Port Angeles, WA  98362**

**IF YOU BELIEVE YOU HAVE RECEIVED THIS NOTIFICATION IN ERROR:**

1.  Review your records carefully. The Check Enforcement Program is in possession of evidence that your check was dishonored by the banking institution. While it is possible that an error has occurred, it is unlikely.

2.  Contact the Check Enforcement Program, toll free, at: (888) 301-2798 to explain any error you believe has occurred. Ask to speak with a Case Investigator. The Investigator will answer your questions as well as explain what is required, WHAT DOCUMENTATION YOU MUST PROVIDE THE PROGRAM, and what the sequence of events will be in pursuing your case.

3.  Be prepared to send necessary documentation that supports your contention. To dispute this notice you are required to notify the Check Enforcement Program in writing no later than 10 days after receiving this notice. If you believe your checks have been stolen or that you are the victim of forgery, fraud or identity theft, you will be asked to supply a Police Report, Bank Records or similar verifiable, written proof. THE CHECK ENFORCEMENT PROGRAM WILL NOT DISMISS A CHECK CASE WITHOUT PROPER DOCUMENTATION.

4.  Mail the required documentation immediately. Your case can be released for review and possible prosecution if documentation is not received within the time period indicated by the Case Investigator when you call.

**IF YOU BELIEVE YOU WERE NOT PROPERLY NOTIFIED ABOUT A DISHONORED CHECK:**
The Check Enforcement Program accepts only checks with DOCUMENTED notification by the victims to the check writer. In addition to notification by the victim, banks routinely send customers a notice if a check has been dishonored. Checks that are dishonored because of Insufficient Funds or Non-sufficient funds appear on your monthly banking statement. CHECK YOUR RECORDS CAREFULLY BEFORE CONTACTING THE CHECK ENFORCEMENT PROGRAM OR CONSULTING AN ATTORNEY.

**IF YOU HAVE ALREADY PAID THE MERCHANT OR PARTY FILING THE COMPLAINT:**
If you have paid the victim or the party filing the Complaint, you must MAIL DOCUMENTATION that the payment was received by the victim or filing party BEFORE the date of this notice. Upon receiving your documentation, the Check Enforcement Program will contact you with regard to what action will be taken to resolve the case.

**IF YOU WISH TO CONTEST THIS ACTION:**
If you prefer to contest this action you are urged to consult an attorney. Contact the Check Enforcement Program to inform us of your intention to appear in court.

### THE EDUCATIONAL REQUIREMENT
ALL check writers whose checks have been referred to the Check Enforcement Program MUST complete the Educational Requirement to discharge the case as part of this diversion program. You will receive additional information about this requirement after the required restitution and fees have been received.

FAILURE TO COMPLETE THE EDUCATIONAL REQUIREMENT CAN CAUSE  YOUR CASE DIVERSION TO BE REVOKED.

### To contact the Check Enforcement Program, call, toll free: (888) 301-2798