UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WODENA CAVNAR; ROSALINE TERRILL; LINDA PARKS; and DAVID SCOTT, on their own and on the behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOUNCEBACK, INC, a Missouri corporation; STONE FENCE HOLDINGS, INC; GALE KRIEG; and DOES 1-20,<br><br>Defendants. | NO: 2:14-CV-235-RMP<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT |

Before the Court is the Motion for Summary Judgment filed by Defendants BounceBack, Inc., Stone Fence Holdings, Inc., and Gale Krieg (collectively, "BounceBack"), ECF No. 28. Oral argument was held on June 15, 2015. BounceBack was represented by Scott Cifrese and David Broom. Beth Terrell, Kirk Miller, and Paul Arons appeared on behalf of Wodena Cavnar, Rosaline

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 1

Terrill, Linda Parks, and David Scott (collectively, "Plaintiffs"). The Court has considered the parties' arguments, evidence, and briefing, including the supplemental declaration that Mr. Cifrese filed by leave of the Court at ECF No. 50.

## BACKGROUND

BounceBack contracts with prosecuting attorneys to arrange for the collection of dishonored checks. In Walla Walla, for example, the county prosecutor operates a check enforcement program ("CEP") with BounceBack. ECF No. 31 at 2, 3. Under the terms of Walla Walla's CEP, merchants may refer a dishonored check to the program after notifying or attempting to notify the check writer. ECF No. 31 at 5. Walla Walla's prosecuting attorney explains that his office then reviews the checks to determine whether they should be administered by BounceBack. *See* ECF No. 31 at 5. According to Defendant Gale Krieg, BounceBack's president, BounceBack allows prosecutors 24 hours to review checks before proceeding. ECF No. 30 at 2, 6; *see also* ECF No. 40, Ex. 12.[1]

For those checks that are eligible for Walla Walla's CEP program, BounceBack sends notice letters to the check writers. ECF No. 31 at 5. The prosecutor's office approved the text of the notice letters, which are printed on the

---

[1] In an email transmitting checks that were filed with Clallam County's CEP, the recipient is advised that "[i]f we have not received a reply within 24 hours we will take that as an indication that the checks/check-writers have been accepted into the program." *See* ECF No. 40, Ex. 12.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 2

Walla Walla County Prosecuting Attorney's letterhead. ECF No. 31 at 5-6. The notice letters explain that the check writers may pay complete restitution and participate in a financial education program to avoid possible prosecution. ECF No. 31 at 6. BounceBack is paid pursuant to a fee schedule that was negotiated with the Walla Walla County Prosecuting Attorney's Office and receives no payment until the payees of the checks are paid. ECF No. 31 at 6.

During the time period relevant to this lawsuit, BounceBack had entered into comparable contracts with a total of 14 Washington counties: Adams, Clallam, Clark, Grant, Jefferson, Kitsap, Kittitas, Klickitat, Mason, Pierce, Spokane, Thurston, Walla Walla, and Yakima. *See* ECF No. 30 at 2-3.

Plaintiffs are Washington consumers who received notice letters from BounceBack. *See* ECF No. 40, Exs. 16, 17. Each letter was written on the letterhead of a county prosecutor. *See, e.g.*, ECF No. 40, Exs. 16, 17. A letter sent to Ms. Parks states, in relevant part:

**WARNING OF CRIMINAL CHARGES**

The Prosecuting Attorney's Office has received a complaint against you for issuing a worthless check(s). . . . Under Washington Statutes, this can constitute criminal intent and a Warrant for your arrest can be issued.

**It is still possible to avoid a CRIMINAL CONVICTION**

ECF No. 40, Ex. 16. The notice letter explains that Ms. Parks could avoid a potential criminal action by paying the full amount listed in the letter and

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 3

completing a financial training course.  ECF No. 40, Ex. 16.  The amount demanded included the original $108.10 check value, $145.00 for the financial training course, and a total of $68.75 for other fees and charges.  ECF No. 40, Ex. 16.  The total amount demanded was $321.85.  ECF No. 40, Ex. 16.

     Plaintiffs filed this class action lawsuit against BounceBack, alleging that BounceBack had committed violations of the Fair Debt Collection Practices Act ("FDCPA"), and per se and non-per se violations of the Washington Consumer Protection Act ("CPA").  ECF No. 45.  BounceBack contends that summary judgment in its favor is appropriate because BounceBack is not a "debt collector" for purposes of the FDCPA or a "collection agency" for purposes of a per se violation of the CPA.  *See* ECF No. 28 at 4-12.  Furthermore, BounceBack contends that it has not committed a non-per se violation of the CPA because its actions were not deceptive and did not cause injury.  ECF No. 28 at 13-14.

## ANALYSIS

*Summary Judgment Standard*

     Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The party asserting the existence of an issue of material fact must show "'sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). In deciding a motion for summary judgment, a court must construe the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31.

*1. FDCPA Liability*

BounceBack argues that it is not a "debt collector," as defined by the FDCPA, and thus that it is not liable under the act. "The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." *Gonzales v. Arrow Fin. Servs.*, LLC, 660 F.3d 1055, 1060-61 (9th Cir. 2011). Ninth Circuit courts liberally construe the FDCPA in favor of the consumer. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006).

A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The FDCPA excludes from the definition of "debt collector," however, certain CEPs operated by private entities. 15 U.S.C. § 1692p. If a state or district attorney establishes a pretrial diversion program for alleged bad check offenders, this exception applies to a private entity "that is subject to an administrative support services contract with [the attorney] and operates under the direction, supervision, and control of [the attorney], operates the pretrial diversion program," and performs its duties in compliance with other requirements in the statute. *See* 15 U.S.C. § 1692p(a)(2)(A)-(C).

Here, the parties dispute whether BounceBack meets the Section 1692p exception for private entities that operate pretrial diversion programs. Specifically, Plaintiffs claim that BounceBack did not include statutorily-mandated consumer warnings in its initial notice, that BounceBack has not shown that any of the check payees demanded payment before BounceBack contacted Plaintiffs, and that BounceBack has not established that a prosecutor conducted the necessary probable cause review. ECF No. 38 at 11-15.

Regarding consumer warnings, to be exempt pursuant to Section 1692p a private entity must include in the first communication to an alleged offender a "clear and conspicuous statement" that "if the alleged offender notifies the private entity or the district attorney in writing, not later than 30 days after being contacted for the first time" that there is a dispute, "before further restitution efforts are pursued, the district attorney or an employee of the district attorney authorized to make such a determination makes a determination that there is probable cause to believe that a crime has been committed . . . ." 15 U.S.C. § 1692p(a)(2)(C)(v)(III).

Plaintiffs contend that BounceBack failed to include this consumer warning in its initial notice letters. The second page of the notice sent to Ms. Terrill and Mr. Scott includes a section titled "**IF YOU BELIEVE YOU HAVE RECEIVED THIS NOTIFICATION IN ERROR**" and instructs the recipient to call the CEP "to explain any error you believe has occurred." ECF No. 40, Ex. 17 at 2, 4. The notice states that "[w]hile it is possible that an error has occurred, it is unlikely." ECF No. 40, Ex. 17 at 2, 4. The letter also instructs that "[t]o dispute this notice you are required to notify the Check Enforcement Program in writing no later than 10 days after receiving this notice." ECF No. 40, Ex. 17 at 2, 4.

The Court finds that the notice does not include the necessary warnings to comport with Section 1692p. The notice fails to state that Plaintiffs were entitled to a 30-day period to dispute the alleged violation or that a government attorney or

1  other authorized employee would determine probable cause. *See* ECF No. 40, Ex.
2  17 at 2, 4.  Rather, BounceBack allowed Plaintiffs only 10 days to dispute the
3  notice and did not inform them that no further restitution efforts would be made
4  following a dispute until probable cause had been determined.
5         Plaintiffs also contend that BounceBack has not presented evidence
6  indicating that a payment demand was made to Plaintiffs before BounceBack sent
7  its notice letters.  ECF No. 38 at 14 (discussing 15 U.S.C. §
8  1692p(a)(2)(C)(iv)(II)).  During oral argument, BounceBack averred that evidence
9  in the record demonstrated that Plaintiffs had been sent payment demands before
10 BounceBack's notice letters were delivered.  With the Court's permission,
11 BounceBack filed a supplemental declaration identifying evidence that
12 BounceBack believed supported its contention that Plaintiffs actually were given
13 the necessary notice.  ECF No. 50.
14        However, the evidence offered fails to demonstrate that Plaintiffs received
15 notice from merchants before being contacted by BounceBack.  BounceBack refers
16 to multiple documents from a booklet of BounceBack's forms that Plaintiffs filed
17 in opposition to the Motion for Summary Judgment, but the booklet consists
18 merely of sample documents that *could be used*, not letters that actually were sent.
19 *See* ECF No. 40, Ex. 2.  Other documents indicate that it was BounceBack's policy
20 to require merchants to provide notice to check writers before BounceBack

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 8

1  contacted them and that BounceBack instructed Ms. Terrill to inform BounceBack

2  if she had not been given such notice, but BounceBack does not support its

3  contention that Plaintiffs in fact were given the necessary notice.  *See, e.g.*, ECF

4  No. 40, Ex. 6 at 73, 116-17.

5       The lack of evidence on this matter is consistent with Plaintiffs' contention

6  that "BounceBack did not produce copies of any merchant demands to any

7  Plaintiffs or any other documentation that any Plaintiff had been sent a prior

8  written payment demand."  *See* ECF No. 40 at 6.  BounceBack has failed to meet

9  its burden to demonstrate that no genuine issue of material fact exists regarding

10  whether Plaintiffs were given the notice required for BounceBack to meet this

11  condition of the Section 1692p exception.

12       In sum, BounceBack has failed to show that it is not a "debt collector"

13  pursuant to the Section 1692p exception, therefore summary judgment on

14  Plaintiffs' FDCPA claim is denied.  Because BounceBack did not establish that it

15  met two of the conditions to be exempt from classification as a "debt collector"

16  under the FDCPA, the Court finds no need to consider the parties' arguments

17  regarding whether prosecutors conducted the requisite probable cause review.

18      *2. Per Se CPA Violations*

19       Plaintiffs allege that BounceBack committed per se violations of the CPA by

20  failing to meet the requirements of the Collection Agency Act ("CAA"), chapter

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 9

19.16 RCW. ECF No. 45 at 30-32; *see also* RCW 19.16.440 (violations of the CAA also contravene the CPA). BounceBack argues that summary judgment is appropriate because it is not a "collection agency" for purposes of the CAA. ECF No. 28 at 10-12. Rather, BounceBack contends that it acts as the agent of prosecuting attorneys, who lawfully create CEPs as pretrial diversion programs. ECF No. 28 at 10-12.

The CAA requires a collection agency to obtain a license and prohibits specific collection practices. RCW 19.16.110, .250. A "collection agency" under the CAA includes:

> (a) Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person;
>
> (b) Any person who directly or indirectly furnishes or attempts to furnish, sells, or offers to sell forms represented to be a collection system or scheme intended or calculated to be used to collect claims even though the forms direct the debtor to make payment to the creditor and even though the forms may be or are actually used by the creditor himself or herself in his or her own name . . . .

RCW 19.16.100(4). The definition excludes, however, "[a]ny person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as . . . public officers acting in their official capacities . . . ." RCW 19.16.100(5)(c).

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 10

1  BounceBack does not dispute that it apparently fits into the definition of a
2  collection agency under the CAA as an entity that is engaged in "collecting or
3  attempting to collect claims owed or due or asserted to be owed or due another
4  person . . . ." See RCW 19.16.100(4)(a).  However, because it works exclusively
5  with prosecutors, providing administrative services for diversion programs,
6  BounceBack argues that it is exempt from the CAA pursuant to the act's exception
7  for public officers.  See ECF No. 28 at 10-12.[2]

8  The Court finds that BounceBack has not established as a matter of law that
9  it is exempt from the CAA.  Unlike the FDCPA, the CAA does not provide a
10 means for a private entity to form a contract with a prosecuting attorney and
11 thereby become exempt from the stringent regulations that apply to collections
12 agencies.  Compare RCW 19.16.100(5) with 15 U.S.C. § 1692p(a).  Without some
13 indication that Washington's legislature intended to exempt from the CAA
14 companies such as BounceBack, which use some of the precise collection methods
15 that the legislature proscribed, the Court cannot conclude as a matter of law that
16 BounceBack is excluded from the act's scope.  See RCW 19.16.250(4) (forbidding
17 statements that indicate official connection with governmental agency), (13)

---

[2] BounceBack submitted in support of its theory a 2004 memorandum from the Licensing and Administrative Law Division of the Attorney General of Washington.  ECF No. 33, Ex. 1.  The memorandum, which indicates that it is confidential and not to be disclosed, appears to be an internal document rather than an official opinion of the Attorney General.  The Court will not consider the memorandum.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 11

(prohibiting threats of criminal prosecution); *see also Landfried v. Spokane Cnty.*, No. CV-09-360-EFS, 2011 WL 1584328, at *7 (E.D. Wash. Apr. 27, 2011) ("Although common sense would reveal that those sorts of entities would be excluded, in the absence of such an exemption, BounceBack qualifies as a collection agency.").

Thus, the Court finds that BounceBack is not entitled to summary judgment on Plaintiffs' claim that it committed per se violations of the CPA by violating the CAA.

*3. Non-Per Se Violations of the CPA*

Finally, BounceBack argues that it should be granted summary judgment on Plaintiffs' claim that it committed non-per se violations of the CPA. ECF No. 28 at 13-14.

To prevail on a CPA claim, a plaintiff must show: "(1) an unfair or deceptive act or practice, (2) that occurs in trade or commerce, (3) a public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act and the injury suffered." *See Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 73 (2007) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85 (1986)). All five elements must be established to prevail under the CPA. *Hangman Ridge*, 105 Wn.2d at 793.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 12

BounceBack indicates that because it operated in accordance with the FDCPA, it did not commit a "deceptive act" in violation of the CPA.  *See* ECF No. 44 at 7 ("As defendants are operating under the § 1692p exemption, they are operating under the auspices of the county prosecutors, performing administrative support services authorized by federal law.").  However, for the reasons explained above, the Court does not conclude that BounceBack met the relevant exemption under the FDCPA.  Accordingly, BounceBack's reliance on its compliance with the FDCPA is misplaced.

BounceBack further claims that Plaintiffs have not met the injury requirement to establish a CPA violation.  ECF No. 28 at 14.  To demonstrate injury, a plaintiff must show damage to his or her "business or property."  *Hangman Ridge*, 105 Wn.2d at 792 (quoting RCW 19.86.090).  "The injury involved need not be great, but it must be established."  *Id.*; *see also, e.g.*, *Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1114-15 (W.D. Wash. 2012) (finding that the plaintiff suffered injury in connection with the defendant's unlawful debt collection activities by incurring a $7.75 postage charge for sending a certified letter to defendant).  Here, evidence that Plaintiffs paid the administrative fees demanded by BounceBack is sufficient to establish injury.  *See* ECF No. 40, Ex. 16.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 13

Thus, the Court finds that BounceBack is not entitled to summary judgment on Plaintiffs' non-per se CPA claims.

Accordingly, **IT IS HEREBY ORDERED** that BounceBack's Motion for Summary Judgment, **ECF No. 28**, is **DENIED**.

**DATED** this 17th day of July 2015.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 14