1 | Beth E. Terrell, WSBA #26759
Erika L. Nusser, WSBA #40854
2 | Blythe H. Chandler, WSBA #43387
Attorneys for Plaintiffs
3 | TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
4 | Seattle, Washington 98103-8869
Telephone: (206) 816-6603
5 | Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com
6 | Email: enusser@terrellmarshall.com
Email: bchandler@terrellmarshall.com
7 |
[Additional Counsel Appear on Signature Page]
8 |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WODENA CAVNAR, ROSALINE
TERRILL, LINDA PARKS, DAVID
SCOTT, ANGELINA FREITAS,
REBECCA LYON and MARESA
KENDRICK, on their own behalf and
on the behalf of all others similarly
situated,

                    Plaintiffs,

          v.

BOUNCEBACK, INC., a Missouri
Corporation, CHECK CONNECTION,
INC., a Kansas corporation, STONE
FENCE HOLDINGS, INC., a Missouri
corporation, and GALE KRIEG,

                    Defendants.

NO. 2:14-cv-00235-RMP

**PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT**

**Note on Motion Calendar:
September 15, 2016 at 9:30 a.m.**

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT
CASE NO. 2:14-CV-00235-RMP

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ......................................................................1

II.   FACTS AND EVIDENCE RELIED UPON .............................................3

III.  AUTHORITY AND ARGUMENT ..........................................................6

    A.    The Notice Program Ordered by the Court Was Completed
         and Is Constitutionally Sound .........................................................6

    B.    The Settlement Is Fair, Reasonable, and Adequate ......................8

         1.    The settlement is the product of informed and
              non-collusive negotiations ...................................................9

         2.    The Settlement Agreement is fair, reasonable, and
              adequate ...........................................................................10

              a.    The Amount Offered in Settlement .........................11

              b.    Fairness of Settlement in Light of Risks .................14

              c.    Length and Expense of Continued Litigation...........16

              d.    The Extent of Discovery Completed and the
                    Stage of the Proceedings .........................................17

              e.    The Experience and Views of Counsel ....................18

              f.    The Reaction of Settlement Class Members ...........19

              g.    The Presence of a Government Participant .............19

    C.    The Settlement Class Should Be Finally Certified ......................20

1

D.    Class Counsel's Request for Fees, Costs, and Service
Awards Should be Granted. .........................................................20

2

IV.    CONCLUSION ........................................................................................22

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - ii
CASE NO. 2:14-CV-00235-RMP

1

# TABLE OF AUTHORITIES

Page

2

3    *Boyd v. Bechtel Corp.*,
        485 F. Supp. 610, 622 (N.D. Cal. 1979)) ................................................10

4    *Garner v. State Farm Auto Ins. Co.*,
        No. CV 08 1365 CW (EMC),
5        2010 WL 1687832 (N.D. Cal. April 22, 2010) ......................................20

6    *Hanlon v. Chrysler Corp.*,
        150 F.3d 1011 (9th Cir. 1988) ........................................................... 8, 10

7

8    *Hughes v. Microsoft Corp.*,
        No. C98-1646C, C93-0178C,
        2001 WL 34089697 (W.D. Wash. Mar. 26, 2001)...................................9

9

10   *In re Mego Fin. Corp. Sec. Litig.*,
        213 F.3d 454 (9th Cir. 2001) ..................................................................13

11   *In re Mercury Interactive Corp. Sec. Litig.*,
        618 F.3d 988 (9th Cir. 2010) ....................................................................7

12

13   *In re Omnivision Tech., Inc.*,
        559 F. Supp. 2d 1036 (N.D. Cal. 2007)............................................ 10, 13

14   *In re Online DVD-Rental Antitrust Litig.*,
        779 F.3d 934 (9th Cir. 2015) ..................................................................11

15

16   *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
        227 F.R.D. 553 (W.D. Wash. 2004)........................................................10

17   *Ikuseghan v. Multicare Health Sys.*,
        No. 3:14-cv-05539-BHS,
18       2016 WL 3976569 (W.D. Wash. July 25, 2016)......................................9

19   *Landfried v. Spokane Cnty.*,
        No. CV-09-360-EFS,
20       2011 WL 1584328 (E.D. Wash. Apr. 27, 2011) .....................................15

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir.1982) ............................................................ 13, 16

*Pelletz v. Weyerhaeuser Co.*,
  255 F.R.D. 537 (W.D. Wash. 2009) ................................................ 10, 18

*Rinky Dink v. World Business Lenders, LLC*,
  No. 14-cv-0268-JCC,
  2016 WL 3087073 (W.D. Wash. May 31, 2016) ...................... 15, 16, 17

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) .................................................................9

### STATE STATUTES

RCW 19.86.090 .......................................................................................12

Cal. Bus. & Prof. Code §§17200 ............................................................12

### FEDERAL RULES

Fed. R. Civ. P. 23(a)(2) ..........................................................................15

Fed. R. Civ. P. 23(b)(3) ..........................................................................15

Fed. R. Civ. P. 23(e) .................................................................................6

Fed. R. Civ. P. 23(e)(1)–(2) ......................................................................6

Fed. R. Civ. P. 23(h) ............................................................................2, 7

### FEDERAL STATUTES

15 U.S.C. § 1692k(a)(1)(A) .....................................................................12

15 U.S.C. § 1692k(a)(1)(B) .....................................................................12

15 U.S.C. § 1692p....................................................................................15

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - iv
CASE NO. 2:14-CV-00235-RMP

28 U.S.C. § 1715...............................................................................................19

**OTHER AUTHORITIES**

Manual for Complex Litigation (Fourth) ("MCL 4th") § 21.61 (2015)..............8

1

# I.  INTRODUCTION

2       Plaintiffs and Class Counsel have achieved an excellent result for the

3   Settlement Class and believe the Settlement is fair, adequate and reasonable.  The

4   response of Settlement Class members to the settlement shows that they agree.

5   The deadline for Settlement Class members to object or exclude themselves has

6   now passed, and none of the 11,296 Settlement Class members have objected to

7   the Settlement or Class Counsel's fee request.  Only two (2) members of the

8   Settlement Class asked to be excluded from the Settlement.  Moreover, Class

9   Counsel have received calls with questions about the settlement from 76 people.

10  The vast majority of those who were Settlement Class members responded

11  positively to the Settlement.[1]

12      Given Defendants' precarious financial situation and the settlement's

13  substantial monetary and non-monetary relief, the proposed settlement is fair,

14  reasonable, and adequate.  Class Counsel's investigation of Defendants' resources

15  demonstrated that Defendants had limited resources to pay a potential judgment.

16  Their primary resource was their wasting insurance policies.  The Settlement

17  Fund represents the combined available coverage of those policies as reduced by

18  defense costs.  *See* ECF No. 123 at ¶ 9.  Further, as a result of this litigation

19  _____

[1] Unless otherwise noted, capitalized terms have the same definition as in the

20  Settlement Agreement (ECF No. 137-1).

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 1
CASE NO. 2:14-CV-00235-RMP

1   Defendants are no longer operating programs in many of the counties in which

2   they previously operated.

3        The notice program approved by the Court and implemented by Class

4   Administrator Kurtzman Carson Consultants LLC ("KCC") was effective and

5   satisfies due process.  A total of 10,137 Settlement Class members (89% of

6   Settlement Class members) have deliverable addresses and were mailed direct

7   notice of the Settlement.   Declaration of Jay Geraci ("Geraci Decl.") ¶ 13.  Each

8   of these individuals will be mailed a Settlement Award check. *Id.*  Each

9   Settlement Class member will receive either 15.6% of the fees they paid to

10  BounceBack, or a $5 statutory damages award, whichever is greater.

11       Because the requirements of Rule 23(e) and (h) are satisfied, Plaintiffs

12  request that the Court grant final approval to the Settlement by: (1) approving the

13  Settlement Agreement; (2) determining that adequate notice was provided to the

14  Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class

15  Counsel $230,071.45 in attorneys' fees and $13,114.97 in costs; (5) awarding

16  Class Counsel any amounts that remain in the Settlement Fund after all

17  Settlement Award checks have been cashed or expired; and (6) approving a

18  service award of $2,000 each to the seven Class Representatives.

19

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 2
CASE NO. 2:14-CV-00235-RMP

## II.  FACTS AND EVIDENCE RELIED UPON

On April 25, 2016, this Court granted Plaintiffs' motion for preliminary approval of the Settlement reached between Plaintiffs Wodena Cavnar, Rosaline Terrill, Linda Parks, David Scott, Angelina Freitas, Rebecca Lyon, and Maresa Kendrick, and Defendants BounceBack, Inc., Check Connection, Inc., Stone Fence Holdings, Inc., and Gale Krieg ("BounceBack").  ECF No. 138.  The Settlement requires BounceBack to pay $530,000 into a Settlement Fund to be paid to Settlement Class members, after deducting from the Settlement Fund all Settlement Costs, including: (1) all costs associated with administration of the Settlement, including printing and mailing notice and Settlement Award checks to Settlement Class Members; (2) any award of attorneys' fees and costs approved by the Court; (3) any incentive awards to Plaintiffs approved by the Court.  ECF No. 137-1 ("Settlement Agreement").

The Settlement Administrator has mailed class notice in accordance with the notice plan approved by the Court.  Geraci Decl. at ¶¶ 3–15.  The deadline for Settlement Class members to object to or exclude themselves from the Settlement has passed and no Settlement Class members have objected to the Settlement.  ECF No. 138 at 11; Geraci Decl. ¶ 15.  Class Counsel filed their motion for an award of attorneys' fees, costs, and incentive awards to the Class representatives

1  in accordance with the deadlines set forth in the Court's preliminary approval

2  order.  ECF No. 140.  No Settlement Class members objected.

3        This motion relies upon the following pleadings and evidence previously

4  filed with the Court:

5        1.    ECF No. 120 (Declaration of Beth E. Terrell in support of Plaintiffs'

6              unopposed motion for preliminary approval of class action

7              settlement ("First Terrell Decl.")).

8        2.    ECF No. 121 (Declaration of Paul Arons in support of motion for

9              preliminary approval of class action settlement ("First Arons

10             Decl.")).

11       3.    ECF No. 122 (Declaration of Karl Olson in support of Plaintiffs'

12             motion for preliminary approval of class action settlement).

13       4.    ECF No. 123 (Declaration of Sarah Crabtree in support of

14             preliminary and final reasonableness hearing approving class action

15             settlement ("Crabtree Decl.")).

16       5.    ECF No. 125 (Supplemental Declaration of Gale Krieg in support of

17             preliminary and final reasonableness hearing approving class action

18             settlement ("Krieg Decl.")).

19

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 4
CASE NO. 2:14-CV-00235-RMP

6.    ECF No. 137 (Supplemental declaration of Beth E. Terrell in support

of Plaintiffs' unopposed motion for preliminary approval of class

action settlement ("Second Terrell Decl.")).

7.    ECF No. 140 (Plaintiffs' motion for attorneys' fees and costs).

8.    ECF No. 141 (Declaration of Beth E. Terrell in support of Plaintiffs'

motion for attorneys' fees and costs ("Third Terrell Decl.")).

9.    ECF No. 142 (Declaration of Paul Arons in support of Plaintiffs'

motion for attorneys' fees and costs ("Second Arons Decl.")).

10.   ECF No. 143 (Declaration of Karl Olson in support of Plaintiffs'

motion for attorneys' fees and costs).

11.   ECF No. 144 (Declaration of Kirk Miller in support of Plaintiffs'

motion for attorneys' fees and costs).

12.   ECF No. 145 (Supplemental declaration of Kirk Miller in support of

Plaintiffs' motion for attorneys' fees and costs).

This motion also relies on the following declarations filed currently with

the motion: (1) Declaration of Jay Geraci; (2) Declaration of Beth Terrell in

support of Plaintiffs' motion for final approval of settlement ("Fourth Terrell

Decl."); and (3) Declaration of Gregg R. Smith in support of motion for final

approval of settlement ("Smith Decl.").  Plaintiffs incorporate the factual

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 5
CASE NO. 2:14-CV-00235-RMP

1  statements included in their motion for preliminary approval of the Settlement

2  (ECF No. 119 at 2–11).

3  ### III.  AUTHORITY AND ARGUMENT

4      Federal Rule of Civil Procedure 23(e) requires the Court to direct notice in

5  a reasonable manner to Class members bound by the Settlement and to determine

6  whether the Settlement is fair, reasonable, and adequate.  Fed. R. Civ. P.

7  23(e)(1)–(2).

8  **A.    The Notice Program Ordered by the Court Was Completed and Is Constitutionally Sound.**

9      This Court already determined that the Notice Program proposed by the

10 parties meets the requirements of due process and applicable law, provides the

11 best notice practicable under the circumstances, and constitutes due and sufficient

12 notice to all individuals entitled thereto.  Dkt. No. 138 at ¶¶ 8–13.

13     After the Court entered the Preliminary Approval Order, KCC fully

14 executed the Notice Program.  Class Counsel provided KCC with electronic files

15 containing records for 11,593 people identified as Settlement Class members

16 from BounceBack's records ("Class List").  Geraci Decl. ¶ 4.  KCC updated the

17 addresses for Settlement Class members through the National Change of Address

18 system, which contains updated addresses for people who file a change of address

19 with the U.S. Postal Service.  *Id.* ¶ 5.  KCC obtained new addresses for 2,394

20 Settlement Class members through this update.  *Id.*  KCC also identified a total of

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 6
CASE NO. 2:14-CV-00235-RMP

285 duplicate records on the Class List and 12 records whose name or address was so incomplete that it was not possible to correct for mailing. *Id.* ¶ 6. KCC removed those 297 records from the Class List. *Id.*

Next, KCC timely mailed Postcard Notices to the 11,296 Settlement Class members for which KCC had addresses. *Id.* ¶ 8. KCC re-mailed any Postcard Notices that were returned with a forwarding address. *Id.* ¶ 9. For Postcard Notices returned with no forwarding address, KCC conducted an advanced address search, which allowed KCC to re-mail 1,668 Postcard Notices to new addresses, 439 of which were again returned without a forwarding address. *Id.* ¶¶ 10–11.

KCC also established a Settlement Website, where Settlement Class members could obtain additional information about the Settlement, case documents, and obtain a form to exclude themselves from the Settlement. *Id.* ¶ 7.

Further, Class Counsel's Motion for an award of fees and costs was filed with the Court and posted on the Settlement Website at least thirty days before the deadline for Class members to object to the Settlement, satisfying the requirements of Rule 23(h). *See* Fed. R. Civ. P. 23(h); *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010). Class Counsel filed their Motion for an Award of Fees and Costs and Approval of Service Award in Connection with the Settlement on June 22, 2016. ECF Nos. 139–145. Class

1    Counsel's motion for an award of fees and costs was posted on the Settlement

2    Website on June 23, 2016, thirty days before the deadline for Class members to

3    object to or exclude themselves from the Settlement.  Fourth Terrell Decl. ¶ 2.

4    No Settlement Class members objected to Class Counsel's motion for fees, costs,

5    and incentive awards to the Class Representatives.  Geraci Decl. ¶ 15.

6    **B.       The Settlement Is Fair, Reasonable, and Adequate.**

7            When considering a motion for final approval of a class action settlement

8    under Rule 23, a court must determine whether the settlement is "fundamentally

9    fair."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988).  A

10   settlement merits final approval, when "the interests of the class as a whole are

11   better served by the settlement than by further litigation."  Manual for Complex

12   Litigation (Fourth) ("MCL 4th") § 21.61, at 421–22 (2015).  Although Rule 23

13   imposes strict procedural requirements on the approval of a class settlement, a

14   district court's role in reviewing the substance of that settlement is to ensure that

15   it is "fair, adequate, and free from collusion."  *Hanlon*, 150 F.3d at 1026

16          Here, the parties engaged in arm's-length, non-collusive negotiations to

17   reach the Settlement Agreement.  Moreover, all factors that courts consider when

18   evaluating settlements indicate that it is fair, reasonable, and adequate.  Thus, the

19   settlement should be approved.

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 8
CASE NO. 2:14-CV-00235-RMP

1        1.    <u>The settlement is the product of informed and non-collusive</u>
<u>negotiations.</u>

The Ninth Circuit puts "a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). "Arm's length negotiations conducted by competent counsel constitute *prima facie* evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, No. 3:14-cv-05539-BHS, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016). Experienced, competent attorneys negotiated the settlement reached in this case. ECF No. 120 (First Terrell Decl.) ¶ 32–33, 37; ECF No. 121 (First Arons Decl.) ¶¶ 2, 6.

The parties' first step toward resolution of the case was a full day in-person mediation with mediator Teresa Wakeen of Wakeen & Associates Mediation Services. ECF No. 120 (First Terrell Decl.) ¶ 35. Class Counsel, counsel for Defendants, Mr. Krieg, and counsel for Defendants' insurer all participated in the mediation. Fourth Terrell Decl. ¶ 3. Although the mediation was unsuccessful, counsel for both parties continued to engage in discussions over a period of months, which ultimately resulted in the Settlement Agreement. *Id.* Such negotiations are prima-facie evidence of a settlement that is fair and reasonable. *See Hughes v. Microsoft Corp.*, No. C98-1646C, C93-0178C, 2001 WL 34089697, *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between

1    experienced capable counsel after meaningful discovery."); *see also Pelletz*, 255

2    F.R.D. at 542–43 (approving settlement "reached after good faith, arms-length

3    negotiations"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D.

4    553, 567 (W.D. Wash. 2004) (approving settlement "entered into in good faith,

5    following arms-length and non-collusive negotiations"); *In re Omnivision Tech.,*

6    *Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) (quoting *Boyd v. Bechtel*

7    *Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)) ("The recommendations of

8    plaintiffs' counsel should be given a presumption of reasonableness.").

9         Counsel spent a considerable amount of time engaging in written

10   discovery, document review, data analysis, and analyzing legal issues related to

11   the lawsuit's claims.  *See Hanlon*, 150 F.3d at 1027 (no basis to disturb the

12   settlement, in the absence of any evidence suggesting that the settlement was

13   negotiated in haste or in the absence of information).  Plaintiffs' counsel only

14   agreed to settle after reviewing balance sheets, tax documents, and a declaration

15   from Defendants' insurance carrier.  First Terrell Decl. ¶ 36, Exs. 2–4; ECF No.

16   135.

17        2.      The Settlement Agreement is fair, reasonable, and adequate.

18        To assess the fairness of a settlement, courts in the Ninth Circuit look at the

19   strength of the plaintiffs' case; the risk, expense, complexity, and likely duration

20   of further litigation; the risk of maintaining class action status throughout the

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 10
CASE NO. 2:14-CV-00235-RMP

1    trial; the amount offered in settlement; the extent of discovery completed and the

2    state of the proceedings; the experience and views of counsel; the presence of a

3    governmental participant; and the reaction of the class members to the proposed

4    settlement.  *Online DVD-Rental*, 779 F.3d at 944 (9th Cir. 2015).

5        *a.    The Amount Offered in Settlement*

6        The Settlement Agreement requires BounceBack to pay $530,000 into a

7    non-reversionary common Settlement Fund out of which claimants will receive

8    their pro rata share.  Settlement Agreement § IV.  After deducting the court-

9    approved Settlement Administration costs, the requested incentive and statutory

10   damages awards to Class representatives, and the requested award of attorneys'

11   fees and costs to Class Counsel, the net proceeds to the Settlement Class are

12   $244,813.58.

13       KCC will send settlement Award checks to all 10,137 Class Members for

14   whom it has a deliverable address within 30 days after the Effective Date of the

15   Settlement.  Administrator Decl. ¶ 13; Settlement Agreement § IV.2.  Class

16   members who did not pay fees to BounceBack and have only FDCPA statutory

17   damages will receive an award of $5.  Settlement Agreement § IV.2.a.  Each class

18   member who paid BounceBack fees will receive an award equaling 15.6% of the

19   fee he or she paid, which is slightly higher than the percentage Class Counsel

20   estimated in their Motion for Preliminary Approval of the Settlement.  *Id.*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 11
CASE NO. 2:14-CV-00235-RMP

§ IV.2.b; ECF No. 119 at 11.  Any Class Member who paid BounceBack fees and whose Settlement Award would be less than $5 using the percentage of fees calculation will receive an award of $5.  Settlement Agreement § IV.2.b.  Class members who have statutory damages and paid fees will receive either a statutory damages award or a percentage of fees award, whichever is greater.  *Id.* § IV.2.c.

Class Counsel considered that Class members could have obtained a judgment for more than the amount of the Settlement had the case proceeded to trial.  The Class may have been able to obtain statutory damages up to $500,000 under the FDCPA, and the fees they paid to BounceBack as damages under the Washington Consumer Protection Act and California Unfair Competition Law. *See*, 15 U.S.C. § 1692k(a)(1)(A) (permitting a successful FDCPA plaintiff to recover actual damages and up to $1,000 in statutory damages); 15 U.S.C. § 1692k(a)(1)(B) (capping statutory damages to a class at $500,000 or 1% of the defendant's net worth, whichever is less); RCW 19.86.090; Cal. Bus. & Prof. Code §§ 17200 et seq.  Class members from Washington may also each have obtained a judgment for treble damages up to $25,000 under the Consumer Protection Act. RCW 19.86.090 (permitting trebling of damages award up to $25,000).  As discussed below, however, Plaintiffs would have been unable to collect on such a judgment.

In addition, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2001) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir.1982)) (approving a settlement estimated to be worth 16–50% of the plaintiffs' estimated loss); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving settlement amounting to nine percent of estimated total damages).

Defendants had insufficient assets and insurance to pay full damages. There are two insurance policies available to pay claims of the members of the proposed classes. ECF No. 123 (Declaration of Sarah Crabtree in support of Approving Class Action Settlement) ¶¶ 3–4. The two insurance policies combined limit coverage for claims made as part of a class action lawsuit to $1,100,000. *Id.* In addition, the policies provide wasting coverage, meaning that they have been depleted by the costs of providing the Defendants with a defense in these actions. *Id.* ¶¶ 3–4, 6–7. Finally, although establishing that Defendants are debt collectors is a lynchpin for establishing liability, the policies specifically preclude coverage in the event that any of the Defendants are found to have engaged in debt collection. *Id.* ¶¶ 3–5, 8. Plaintiffs' counsel independently

1  reviewed the insurance agreements and reached the same conclusions as Ms.

2  Crabtree regarding their coverage.  ECF No. 120 ("First Terrell Decl.") ¶ 7.

3      Class Counsel scrutinized financial documents provided by Defendants,

4  which show the corporate defendants' liabilities exceed their income and that Mr.

5  Krieg's personal assets are limited.  *Id.* ¶ 8.  For example, BounceBack's Profit

6  and Loss sheet for 2014 reflects a $129,000 deficit in net income.  *Id.*, Ex. B.

7  Class Counsel also reviewed Mr. Krieg's personal tax returns for the years 2010–

8  2014 and did independent research into his assets. *Id.* ¶ 9.

9      Class Counsel concluded that apart from limited insurance funds,

10  Defendants have no assets to satisfy a judgment.  *Id.* ¶ 10.  If Plaintiffs continued

11  to litigate this case to judgment Defendants almost certainly would declare

12  bankruptcy, leaving no funds for the class.  *Id.*

13      This litigation has also resulted a significant non-monetary benefit to the

14  class.  BounceBack has ceased its operations in eight of the fourteen Washington

15  counties and two of the seven California counties in which it operated before this

16  case was filed.  ECF No. 124 (Suppl. Krieg Decl.) ¶¶ 2–3.

17      b.    *Fairness of Settlement in Light of Risks*

18      Plaintiffs believe in the strength of their case, but are also were aware that,

19  as with any lawsuit, they risked losing on the merits.  The FDCPA contains an

20  exemption for debt collection programs operated under contract with a county

1  prosecutor.  15 U.S.C. § 1692p.  Although the Court denied Defendants' motion

2  for summary judgment (ECF No. 73), the Court did not conclusively resolve

3  whether the Defendants' programs qualify for the exemption.  In addition there is

4  a decision from this Court in a prior case granting summary judgment in

5  BounceBack's favor on claims similar to those raised here.  *See Landfried v.*

6  *Spokane Cnty.*, No. CV-09-360-EFS, 2011 WL 1584328 (E.D. Wash. Apr. 27,

7  2011).

8        Another risk Plaintiffs faced going forward is that this Court would decline

9  to certify this case as a class action.  When the parties settled, the parties in the

10  Washington Action had fully briefed class certification and presented oral

11  argument to the Court.  The Defendants argued that Plaintiffs failed to establish

12  both commonality under Rule 23(a)(2) and predominance under Rule 23(b)(3),

13  specifically pointing to differences in the letters BounceBack sent to members of

14  the proposed classes in fourteen different Washington counties.  Although

15  Plaintiffs were confident that they would prevail on class certification, such facts

16  present a risk that they could not ignore.

17        Further, Defendants' ability to pay a judgment beyond what is recovered in

18  this settlement was highly uncertain.  As a result, there was substantial risk that

19  any victory at trial would be hollow and leave class members with nothing.  This

20  factor favors settlement. *See Rinky Dink v. World Business Lenders, LLC*, No. 14-

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 15
CASE NO. 2:14-CV-00235-RMP

1   cv-0268-JCC, 2016 WL 3087073, *2 (W.D. Wash. May 31, 2016) (finding

2   continued risk of litigation particularly in light of defendant's financial situation

3   favored settlement).

4       With the Settlement, Class Members avoid all of those risks and obstacles

5   to recovery and will receive substantial benefits in a timely fashion.

6       *c.*      *Length and Expense of Continued Litigation*

7       Another factor in assessing the fairness of the proposed Settlement is the

8   complexity, expense, and likely duration of this lawsuit had settlement not been

9   achieved. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir.

10  1982). Litigation would be lengthy and expensive if this action were to proceed.

11  Although the parties had completed substantial discovery in the *Cavnar* action at

12  the time they reached agreement, fact witness depositions, and extensive motion

13  work, including dispositive motions, remained. ECF No. 120 at ¶ 39. The

14  *Freitas* action was in its early stages when the parties settled, and litigating the

15  case to judgment would likely have taken at least another year. An appeal may

16  have further delayed collection of any judgment in favor of Settlement Class

17  members. The Settlement avoids these risks and provides immediate and certain

18  relief. Moreover, Defendants expressed every intention of continuing a spirited

19  defense of both actions, absent a settlement. Class Counsel have a significant

20  amount of experience in consumer class actions, including consumer protection

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 16
CASE NO. 2:14-CV-00235-RMP

1    actions involving debt collection, and know from their own experience that any

2    case involving a class of consumers can, and often does, lead to costly litigation

3    that goes on for years.  ECF No. 120 at ¶¶ 32–333; ECF No. 121 at ¶ 2.  In

4    contrast, the settlement provides substantial relief to Settlement Class members

5    without delay.

6        d.        *The Extent of Discovery Completed and the Stage of the Proceedings*

7            Final approval is favored because substantial investigation and discovery

8    were completed prior to the Settlement.  "A key inquiry is whether the parties had

9    enough information to make an informed decision about the strength of their

10   cases and the wisdom of settlement."  *World Business Lenders*, 2016 WL

11   3087073, at *3.

12           Class Counsel has thoroughly analyzed the factual and legal issues

13   involved in this case.  First Terrell Decl. ¶¶ 3–5.  Class Counsel's investigation of

14   Defendants' collection practices commenced over three years ago with Public

15   Records Act requests to fourteen Washington counties.  *Id.* ¶ 3.  Class Counsel

16   also sought public records from nine California counties.  *Id.*

17           BounceBack produced thousands of pages of documents in response to

18   Plaintiffs' two sets of discovery requests in the *Cavnar* matter, which Class

19   Counsel diligently reviewed.  ECF No. 142 (Second Terrell Decl.) ¶ 4.  The

20   Plaintiffs in the Cavnar matter also responded to BounceBack's discovery

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 17
CASE NO. 2:14-CV-00235-RMP

1    requests.  ECF No. 121 (First Arons Decl.) ¶ 3.  The parties briefed Defendants'

2    motion for partial summary judgment in the Washington Action, which the Court

3    denied (ECF No. 73).  After determining that Defendants' initial discovery

4    responses in the Washington Action were deficient, Plaintiffs prevailed on a

5    motion to compel discovery responses (ECF No. 74).  Plaintiffs filed a motion for

6    class certification, which was fully briefed and pending at the time this case

7    settled.  ECF Nos. 55, 75, 78, 80, 99, 104, 108.

8         In addition, Plaintiffs' counsel pursued third party discovery from

9    seventeen different entities, including merchants and debt collectors who refer

10   checks to the Defendants and county prosecutors.  ECF No. 120 at ¶ 5.

11        Although work remained, Plaintiffs' counsel were well-informed about the

12   strengths and weaknesses of their case at the time they entered mediation and the

13   time they settled the case.  This factor favors final approval of the Settlement.

14             *e.    The Experience and Views of Counsel*

15        Where class counsel is qualified and well informed, their opinion that a

16   settlement is fair, reasonable, and adequate is entitled to significant weight.  *See*

17   *Pelletz v. Weyerhaeuser Co*., 255 F.R.D. 537, 543 (W.D. Wash. 2009).  Here,

18   Class Counsel believes the Settlement is fair, reasonable, adequate, and in the best

19   interest of the Settlement Class as a whole.  ECF No. 120 ¶ 32–33, 37; ECF No.

20   121 ¶¶ 2, 6.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 18
CASE NO. 2:14-CV-00235-RMP

1         *f.*     *The Reaction of Settlement Class Members*

2         A positive response to a settlement by the class further supports final

3  approval.  *See Pelletz*, 255 F.R.D. at 543.  Here, the reaction to the Settlement has

4  been positive.  Of the 10,139 Settlement Class members who were sent a notice

5  that was not returned, only two Settlement Class members have excluded

6  themselves from the Settlement, and none have objected to the Settlement or to

7  Class Counsel's request for reasonable attorneys' fees, costs, and service awards

8  to the Class Representatives.  Geraci Decl. ¶¶ 14–15, Ex. D.  The lack of

9  objections and small number of opt-outs indicate class-wide support for the

10  settlement and weigh in favor of approval.

11        In addition, Class Counsel's office has received and responded to telephone

12  calls from 76 people regarding the Settlement.  Fourth Terrell Decl. ¶ 4.  The

13  responses of individuals who are members of the Settlement Class have been

14  positive.  *Id.*  Many expressed appreciation to Class Counsel for challenging

15  BounceBack's program and were pleased to hear that they would be getting back

16  a portion of the fees they paid to BounceBack.  *Id.*

17        *g.*     *The Presence of a Governmental Participant*

18        No governmental entity is a party to this action.  However, in compliance

19  with the notice provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §

20  1715, Defendants provided Settlement to the Attorneys General of Washington

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 19
Case No. 2:14-cv-00235-RMP

1   and California and to the Bureau of Consumer Protection at the Federal Trade

2   Commission.  *See* Smith Decl. ¶¶ 2–3, Ex. 1.

3       "Although CAFA does not create an affirmative duty for either state or

4   federal officials to take any action in response to class action settlement, CAFA

5   presumes that, once put on notice, either state or federal officials will raise any

6   concerns that they may have during the normal course of the class action

7   settlement procedures."  *Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365

8   CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010).  No

9   governmental entity has objected to the Settlement.  Smith Decl. ¶ 4. Thus, this

10  factor favors approval.

11  **C.    The Settlement Class Should Be Finally Certified.**

12      In its Preliminary Approval Order, this Court granted class certification for

13  settlement purposes only.  Dkt. No. 119.  For all the reasons set forth in Plaintiffs'

14  preliminary approval briefing, the supplemental briefing Plaintiffs provided in

15  this brief and their Motion for an Award of Fees, Costs, and Approval of Service

16  Awards, and the Preliminary Approval Order, the Court should finally certify the

17  Settlement Class.

18  **D.    Class Counsel's Request for Fees, Costs, and Service Awards Should
       Be Granted.**

19      Not a single Settlement Class member objected to Class Counsel's request

20  for reasonable attorneys' fees, costs and service award to the Class

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 20
CASE NO. 2:14-CV-00235-RMP

1    Representatives.  Class counsel spent more than 1,800 hours litigating these cases

2    over two years.  ECF No. 141 (Third Terrell Decl.) ¶ 14, Ex. 1; ECF No. 124

3    (Second Arons Decl.) ¶¶ 8 – 10, Exs. 1 & 2; ECF No. 143 (Olson Decl.) ¶ 10;

4    ECF No. 145 (Suppl. Miller Decl.) ¶ 3, Ex. A.  They have calculated their

5    lodestar at below-market hourly rates.  *See,* ECF No. 120 ¶ 15; ECF No. 122 at

6    ¶¶ 3–7.  Because of Defendants' limited resources and the size of the common

7    fund, Class Counsel are seeking approximately 45 percent of their lodestar fees.

8          For all the reasons set forth in Class Counsel's Motion for an Award of

9    Fees, Costs, and Approval of Service Awards in Connection with the Settlement

10   and in the supporting declarations submitted by Class Counsel (Dkt. Nos. ¶¶ 144-

11   146), Class Counsel respectfully request that the Court find their lodestar of

12   $503,273 is reasonable, award Class Counsel (1) their requested $230,071.45 in

13   attorneys' fees and $13,114.97 in costs; (2) award Class Counsel any amounts

14   remaining in the Settlement Fund after all Settlement Award checks have been

15   cashed or expired, up to $273,201.55[2]; and (3) award of $2,000 each to the seven

16   Class Representatives for the service she or he provided to the Settlement Class

17   by stepping forward to bring this case.

18

19   ───────────────────

20   [2] This amount equals Class Counsel's reasonable lodestar of $503,273 – their
     requested fee award of 230,071.45.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 21
CASE NO. 2:14-CV-00235-RMP

# IV. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully request that the Court enter an Order (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel $230,071.45 in attorneys' fees and $34,782.14 in costs; (5) awarding Class Counsel any amounts remaining in the Settlement Fund after all Settlement Award checks have been cashed or expired, up to $273,201.55; and (6) approving a service award of $2,000 each to the seven Class Representatives.

RESPECTFULLY SUBMITTED AND DATED this 1st day of September, 2016.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
    Beth E. Terrell, WSBA #26759
    Erika L. Nusser, WSBA #40854
    Blythe H. Chandler, WSBA #43387
    Attorneys for Plaintiffs
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
    Email: bterrell@terrellmarshall.com
    Email: enusser@terrellmarshall.com
    Email: bchandler@terrellmarshal.com

1    Deepak Gupta, *Admitted Pro Hac Vice*
     Attorneys for Plaintiff
2    GUPTA WESSLER PLLC
     1735 20th Street, NW
3    Washington, DC 20009
     Telephone: (202) 888-1741
4    Email: deepak@guptawessler.com

5    Paul Arons, WSBA #47599
     Attorneys for Plaintiffs
6    LAW OFFICE OF PAUL ARONS
     685 Spring Street, Suite 104
7    Friday Harbor, Washington 98250
     Telephone: (360) 378-6496
8    Email: lopa@rockisland.com

9    Kirk D. Miller, WSBA #40025
     Attorneys for Plaintiffs
10   KIRK D. MILLER, P.S.
     421 W. Riverside Avenue, Suite 704
11   Spokane, Washington 99201
     Telephone: (509) 413-1494
12   Email: kmiller@millerlawspokane.com

13   Michael F. Ram
     Karl Olson
14   Susan S. Brown
     RAM, OLSON, CEREGHINO &
15   KOPCZYNSKI
     101 Montgomery Street, Suite 1800
16   San Francisco, California 94104
     Telephone: (415) 433-4949
17   Email: mram@rocklawcal.com
     Email: kolson@rocklawcal.com
18   Email: sbrown@rocklawcal.com

19           *Attorneys for Plaintiffs*

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 23
CASE NO. 2:14-CV-00235-RMP

1

<u>CERTIFICATE OF SERVICE</u>

2

3

I, Beth E. Terrell, hereby certify that on September 1, 2016, I electronically

filed the foregoing with the Clerk of the Court using the CM/ECF system which

4

will send notification of such filing to the following:

5

6

7

8

9

10

11

Scott C. Cifrese, WSBA #25778
David L. Broom, WSBA #2096
Gregg R. Smith, WSBA #15553
Attorneys for Defendants
PAINE HAMBLEN LLP
717 West Sprague Avenue, Suite 1200
Spokane, Washington 99201
Telephone: (509) 455-6000
Facsimile: (509) 838-0007
Email:  scott.cifrese@painehamblen.com
Email:  dave.broom@painehamblen.com
Email:  gregg.smith@painehamblen.com

12

DATED this 1st day of September, 2016.

13

TERRELL MARSHALL LAW GROUP PLLC

14

By: /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Attorneys for Plaintiffs
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com

15

16

17

18

19

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 24
CASE NO. 2:14-CV-00235-RMP