UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WODENA CAVNAR; ROSALINE TERRILL; LINDA PARKS; and DAVID SCOTT, on their own and on the behalf of all others similarly situated,<br><br>  Plaintiffs,<br>    v.<br><br>BOUNCEBACK, INC, a Missouri corporation; STONE FENCE HOLDINGS, INC; GALE KRIEG; and DOES 1-20,<br><br>  Defendants. | NO:  2:14-CV-235-RMP<br><br>ORDER MEMORIALIZING COURT'S ORAL RULINGS |

BEFORE THE COURT are Plaintiffs' Motion for Attorney Fees and Costs, ECF No. 140, Motion for Leave to File Overlength Brief regarding Plaintiffs' Motion for Final Approval of Class Action Settlement, ECF No. 147, and Motion for Final Approval of Class Action Settlement, ECF No. 148.  A hearing was held in this matter on September 15, 2016, for the purpose of determining the fairness of the proposed terms of the class action Settlement and the requested fees and

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 1

costs.  This Order is entered for the purpose of memorializing the Court's oral rulings.

The Court has considered the pleadings in their entirety, and, therefore, grants Plaintiffs' Motion for Leave to File Overlength Brief regarding Plaintiffs' Motion for Final Approval of Class Action Settlement, ECF No. 147.

The parties have agreed that the terms of their Settlement are suitable for the Court's approval.

> To assess the fairness of a settlement, we look to the eight Churchill factors, including: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 944 (9th Cir. 2015).  The Court addresses each of these factors in turn.

**(1) The strength of Plaintiffs' case**

This case was set to be certified when the parties notified the Court of their tentative plan to settle this litigation.  Although class members likely would not have been able to prosecute their claims individually, as a class, their claims were viable and Plaintiffs had the potential to succeed at trial.

Importantly, Defendants have stopped engaging in the conduct that gave rise to this litigation in a number of counties in both Washington and California. This fact weighs in favor of finding that this Settlement deterred the challenged actions.

**(2) The risk, expense, complexity, and likely duration of further litigation**

Although significant time and expense have been invested in this case, a substantial amount of discovery had not yet been completed, and the matter in Northern California was still in its early stages. As this case spanned numerous counties and two different states, with thousands of individual plaintiffs, the complexity of this case was likely to result in a long, contentious lawsuit.

Plaintiffs recognize the risk of proceeding further, especially given the fact that a success on the merits might not have resulted in a larger judgment amount due to Defendants' financial position.

Importantly, counsel engaged in mediation. The fact that counsel engaged in arms' length negotiations weighs in favor of approving of their resulting Settlement.

**(3) The risk of maintaining class action status throughout the trial**

There were substantial factors supporting that the class likely would have been certified and retained its status through trial, but this factor does not weigh heavily in either direction.

/ / /

**(4) The amount offered in settlement**

Defendants will pay $530,000 into a Settlement Fund to be distributed according to the terms of the Settlement. The Settlement Class will receive a total of $244,813.58, with individual class members receiving the larger amount of either 15.6% of what they paid to Defendants in fees, or the statutory award of five dollars. The Court considers the fact that class members are individuals who wrote dishonored checks and are benefitting from receiving any amount. At the same time, the parties reference the possibility that Defendants may have gone bankrupt had a judgment in this case been any higher. Class counsel investigated Defendants' assets and discovered that Defendants' insurance policy was a "wasting policy." Accordingly, any larger settlement amount would likely be unenforceable, and continued litigation would only decrease the amount available for a judgment.

**(5) The extent of discovery completed and the stage of the proceedings**

Class counsel has provided information that reflects that they had sufficient information to make an informed decision about the strength of their case and the propriety of settling. Although more was left to be discovered had this case proceeded further, especially in the California case, the parties already had provided thousands of pages of documents in discovery. Class counsel had also pursued third-party discovery and litigated a motion for summary judgment, which

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 4

adequately informed counsel and the Court of the facts and related issues.  Given the information before the parties, the Court finds that they were sufficiently informed to make a prudent determination regarding settlement.

**(6) The experience and views of counsel**

The attorneys in this case are experienced class action litigators, and they all represent to the Court that the Settlement terms are "fair, reasonable and adequate."

**(7) The presence of a governmental participant**

Although this case implicates various county prosecutors' offices, no governmental entity is a party to this action.  Nonetheless, pursuant to 28 U.S.C. § 1715, the parties provided the Settlement to the Attorneys General of Washington and California and to the Bureau of Consumer Protection at the Federal Trade Commission prior to any termination of the time to object.  None of these entities objected to the Settlement.

**(8) The reaction of the class members of the proposed Settlement**.

Class counsel represents that 10,139 members of the Settlement Class were sent notices that were not returned.  There has not been a single objection to the terms of the settlement by the members of the class, and only two individuals excluded themselves from the class.  Class counsel received and responded to telephone calls from 76 people, and counsel represents that the reaction from members of the class was generally positive.

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 5

1  The Court has considered the Churchill factors and finds "that the settlement
2  taken as a whole is fair, reasonable, and adequate." In re Online DVD-Rental
3  Antitrust Litig., 779 F.3d 934, 944. Consistent with the Court's determinations
4  referenced in the Court's prior Order, ECF No. 153, the Court approves of the
5  Settlement as provided by the parties.

6  **Attorney Fees and Costs**

7  "Attorneys' fees provisions included in proposed class action settlement
8  agreements are, like every other aspect of such agreements, subject to the
9  determination whether the settlement is fundamentally fair, adequate, and
10 reasonable" (internal quotations omitted). Staton v. Boeing Co., 327 F.3d 938, 963
11 (9th Cir. 2003) (citing FED. R. CIV. P. 23(e)). As referenced in their Motion for
12 Attorney Fees and Costs, ECF No. 140, Plaintiffs calculated a reasonable amount
13 of fees under both the lodestar method (with a negative multiplier of roughly .46),
14 and by assessing that amount as a percentage of the total Settlement fund.

15 The Court has reviewed the relevant pleadings and finds that Class counsel
16 charged reasonable rates based on their experience and in relation to the relevant
17 market rate. Their expenditure of hours is also reasonable. Counsel's application
18 of a negative multiplier (.46) is fair and reasonable considering the various
19 considerations raised at the Settlement hearing, including: Defendants' financial
20

1  status and wasting insurance policy, the nature and stage of this litigation, and the

2  risks faced by the parties had litigation continued further.

3      The Court has reviewed the Class counsel's reference to their requested

4  amount of fees as a percentage of the common fund, specifically, 43 percent.  The

5  Court is aware that the total fund is limited in this case, which means that counsel's

6  percentage is proportionally limited.  Given the special circumstances of this

7  complex class action, the Court finds this to be a "fair, reasonable, and adequate"

8  amount.  See FED. R. CIV. P. 23(e).

9      Having reviewed the detailed pleadings regarding the requested amount of

10  attorney fees and costs (including incentive payments of 2,000 dollars each to the

11  named Plaintiffs), and having engaged counsel orally regarding these amounts, the

12  Court finds them to be reasonable.  Especially since the named representatives

13  have had their names associated with an action involving dishonored checks.  *See*

14  ECF No. 153 at 6 (enumerating additional considerations).  Therefore, the Court

15  grants the amounts requested in Plaintiffs' Motion for Attorney Fees and Costs.

16  See ECF No. 140 at 24 (stating amounts).

17      Accordingly, **IT IS HEREBY ORDERED THAT**:

18      1. Plaintiffs' Motion for Attorney Fees and Costs, **ECF No. 140**, is

19  **GRANTED**.

20

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 7

2. Plaintiffs' Motion for Leave to File Overlength Brief regarding Plaintiffs' Motion for Final Approval of Class Action Settlement, **ECF No. 147**, is **GRANTED**.

3. Plaintiffs' Motion for Final Approval of Class Action Settlement, **ECF No. 148**, is **GRANTED**.

The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and close this case.

**DATED** this 15th day of September 2016.

s/ Rosanna Malouf Peterson<br>
ROSANNA MALOUF PETERSON<br>
United States District Judge